## J. M. WAKELAND v. HANS C. HANSON.

(161 N. W. 1011.)

**Default judgment — application to vacate — trial court — judicial discretion — abuse of — must appear.**

An application to vacate a default judgment rests in the sound judicial discretion of the trial court. And it is .held that such discretion was not abused by refusing to vacate the default in the instant case.

Opinion filed March 5, 1917.

Appeal from the District Court of Eddy County; Hon. C. W. Buttz, J.

Affirmed.

*Maddux & Rinker,* for appellant.

Had a tender of payment been made, defendant was not obligated to convey or liable for damages until after deposit of tender to keep it good. Tender of payment is lost if not deposited and notice given. Comp. Laws, 1913, §§ 5815, 5819.

An unexpected oral agreement for the transfer of land is invalid. Comp. Laws 1913, § 5963; Cleveland v. Evans, 5 S. D. 53, 58 N. W. 8; Stenson v. Elfmann, 26 S. D. 134, 128 N. W. 588; Steensland v. Noel, 28 S. D. 522, 134 N. W. 207.

This is an action for specific performance of an oral contract to convey land. The contract remained an executory one at all times. Mitchell v. Knudtson Land Co. 19 N. D. 736, 124 N. W. 946.

Such a contract, in the absence of fraud, cannot be made the basis for an action for damages. McCoy v. McCoy, 32 Ind. App. 38, 102 Am. St. Rep. 230, 69 N. E. 193.

36 N. D.—9.

The offer to reimburse and stipulate trial placed plaintiff in the same position he would have occupied had there been no default. Comp. Laws 1913, § 7483, and cases cited.

"The court's discretion in opening default judgment is limited to doubtful cases,—cases where an impartial mind hesitates." Kinkead v. Moriarty, 29 S. D. 202, 136 N. W. 101.

"A default judgment will not cure a defective declaration." Hoyt v. Macon, 2 Colo. 113; Wood v. Bank of State, 1 Fla. 424; Rhodes v. Hutchins, 10 Colo. 258, 15 Pac. 329.

"A judgment not supported by the pleadings is as fatally defective as one not supported by the evidence." 2 Enc. Pl. & Pr. 868, and cases cited; Bachman v. Sepulveda, 39 Cal. 688; Barron v. Frink, 30 Cal. 486; Brown v. Cunningham, 82 Iowa, 512, 12 L.R.A. 583, 48 N. W. 1042; Knudson v. Curley, 30 Minn. 433, 15 N. W. 873; Rosenkranz v. Wagner, 62 Cal. 151; Reynolds v. Harris, 9 Cal. 338; Reynolds v. Stockton, 140 U. S. 254, 35 L. ed. 464, 11 Sup. Ct. Rep. 773; 11 Enc. Pl. & Pr. 880, and cases cited.

"An offer to perform" and "performance" are not synonymous. Tender, offering, or showing a willingness to perform is not enough. Crumbly v. Bardon, 70 Wis. 385, 36 N. W. 19; Lattin v. Hazard, 91 Cal. 87, 27 Pac. 515.

Where plaintiff has knowledge that he is not in a position to enforce specific performance, the court is without jurisdiction to grant damages as a relief. Silander v. Gronna, 15 N. D. 552, 125 Am. St. Rep. 616, 108 N. W. 544; Knudson v. Robinson, 18 N. D. 12, 118 N. W. 1051, and cases cited.

*N. J. Bothne,* for respondent.

This appeal being taken from an order, and no appeal having been taken from the judgment entered, the findings of the trial court and its final judgment cannot be considered or reviewed on this appeal. Comp. Laws 1913, § 7820; 3 Cyc. 231.

Where services are rendered on an agreement which is void by statute, an action will lie on the implied promise to pay for such services. 20 Cyc. 299.

Where the purchaser of an executory contract of sale of land takes possession of the land and makes valuable improvements thereon, may, if the vendor refuses to perform, recover for the reasonable value

thereof in an action on the vendor's implied promise to pay, especially where such improvements are substantial and materially enhance the value of the land, and are made without any notice of repudiation. 20 Cyc. 301, 302; Luton v. Badham, 127 N. C. 96, 53 L.R.A. 337, 80 Am. St. Rep. 783, 37 S.·E. 143; Jackson v. Stearns, 58 Or. 57, 37 L.R.A.(N.S.) 639, 113 Pac. 30, Ann. Cas. 1913A, 284; Buck v. Pond, 126 Wis. 382, 105 N. W. 909; Re Williams, 106 Mich. 490, 64 N. W. 490; Findley v. Wilson, 3 Litt. (Ky.) 390, 14 Am. Dec. 72; Herring v. Pollard, 4 Humph. 362, 40 Am. Dec. 653; Cozad v. Elam, 115 Mo. App. 136, 91 S. W. 434; Tucker v. Grover, 60 Wis. 240, 19 N. W. 62; Clark v. Davidson, 53 Wis. 317, 10 N. W. 384; Andrews v. Broughton, 78 Mo. App. 179; Frazer v. Howe, 106 Ill. 563; Holbrook v. Clapp, 165 Mass. 563, 43 N. E. 508; Peabody v. Fellows, 177 Mass. 290, 58 N. E. 1019; Dudley v. Hayward, 11 Fed. 543; Vickery v. Ritchie, 202 Mass. 247, 26 L.R.A.(N.S.) 810, 88 N. E. 835; Goodloe v. Goodloe, 116 Tenn. 252, 6 L.R.A.(N.S.) 703, 92 S. W. 767, 8 Ann. Cas. 112.

The fact that appellant was "busy" with work or other business and fails to appear and defend in action ready for trial in court is not any ground for setting aside the judgment entered by default, and reopening the cause. Neither is the fact that he "had no time to employ an attorney" any excuse. Bazal v. St. Stanislaus Church, 21 N. D. 602, 132 N. W. 212; Landa v. McGehee, — Tex. —, 19 S. W. 516; McGuire v. Drew, 83 Cal. 225, 23 Pac. 312.

Mere failure or forgetfulness from oversight to make a defense is no ground for vacating a default judgment. Lowell v. Willis, 46 Mont. 581, 129 Pac. 1052; Scilley v. Babcock, 39 Mont. 536, 104 Pac. 677; Wood v. Cobe, 80 Kan. 496, 103 Pac. 101; Jones v. Bibb Brick Co. 120 Ga. 321, 48 S. E. 25; Warner v. Conant, 24 Vt. 351, 58 Am. Dec. 178; Nye v. Sochor, 92 Wis. 40, 53 Am. St. Rep. 896, 65 N. W. 854.

"The negligence of an agent is imputable to the principal, and the latter cannot excuse his default by his reliance on the agent unless the agent's negligence was also excusable." Morris v. Liverpool, L. & G. Ins. Co. 131 N. C. 212, 42 S. E. 577; Texas F. Ins. Co. v. Berry, 33 Tex. Civ. App. 228, 76 S. W. 219; Finlayson v. American Acci. Co. 109 N. C. 196, 13 S. E. 739; Davis v. Steuben School Twp. 19 Ind. App. 694, 50 N. E. 1; 23 Cyc. 939.

ROBINSON, J. This is an appeal by defendant from an order refusing to vacate a default judgment for $375. It appears that under an oral contract with the defendant for the purchase and sale of two lots in Fairview Addition to New Rockford, the plaintiff at once went upon the lots and made valuable improvements in the construction of a dwelling. That the reasonable value of his own work and labor was $275.80, and he paid out for help $129.80; and then he made his home on the lots. Then the defendant transferred the lots to another party. This action was commenced on December 3d, 1914. Default was made, and on January 25th, 1915, judgment was duly entered against the defendant for $375.60, with interest and costs. The complaint shows, and the proposed answer admits, "that the plaintiff agreed to buy said property, and the defendant promised to sell the same to the plaintiff for the purpose of enabling the plaintiff to build and construct thereon a frame dwelling house for himself and family, which fact was well known and understood by the defendant at the time he agreed to sell and convey said lots." (This material and express admission defendant omits from his printed copy of the answer, as if he expected the court to overlook it.)

It appears that immediately after contracting for the purchase and sale of the lots the plaintiff proceeded to construct thereon a frame dwelling house for himself and family, and completed the same, with a cistern, well, pump, and outhouse; and while he was living in the house with his family, the defendant transferred the lots and the improvements to another party, and the plaintiff was put off the lots and out of the house which he had built.

The default of the defendant might well be excused, but on the whole there is no showing of good faith and fair dealing on the part of the defendant, and it does not appear that the judgment is unjust. Where a party avails himself of the labor of another, common honesty requires him to pay for it. Order and judgment affirmed.

BRUCE, Ch. J. and BIRDZELL, J., concur in the result.

CHRISTIANSON, J. (concurring specially). I concur in an affirmance of the order denying defendant's application to vacate the default judgment herein. Under the express terms of the statute (Comp.

Laws 1913, § 7483), an application to vacate a default judgment on the ground of mistake, surprise, or excusable neglect, is addressed to the sound judicial discretion of the trial court on the particular facts of the case. And consequently its determination will not be disturbed on appeal unless it is plain that its discretion has been abused. 23 Cyc. 895.

On such application the prime question is whether the moving party has presented a sufficient excuse for his negligence. The affidavit of merits or the allegations of the answer cannot be controverted, and the court will examine the defense pleaded only to ascertain whether the same, on its face, constitutes a defense, but will go no further. Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581; Black, Judgm. 2d ed. § 348.

An examination of the affidavits submitted on the questions of mistake and excusable neglect in this case, in my opinion, discloses a state of facts peculiarly requiring the exercise of judicial discretion, and I am satisfied that this court would not be justified in saying that the trial court abused its discretion in refusing to open the default judgment, or that any injustice will result by reason of such ruling.

I am authorized to say that Chief Justice Bruce and my associates Birdzell and Grace fully concur in my views herein.