## STATE BANK OF MENAGHA v. A. J. O'LAUGHLIN.

(164 N. W. 135.)

**Default judgment — application for — relief from — mistake — inadvertence — surprise or excusable neglect — discretion of court — addressed to — particular facts in each case — order on — will not be disturbed — — except for abuse.**

1. An application, under § 7483, Comp. Laws 1913, to be relieved from a default judgment on the ground of mistake, in advertence, surprise, or excusable neglect, is addressed to the sound judicial discretion of the trial court on the particular facts existing in the case, and the trial court's ruling will not be disturbed on appeal unless an abuse of discretion is shown.

**Default judgment — invocation of statute — due diligence — in moving.**
  2. A party who desires to invoke this statute must exercise reasonable diligence in presenting the application to vacate the default judgment.

Opinion filed July 21, 1917.

Appeal from District Court of Cass County, North Dakota, *Pollock,* J.

From an order refusing to vacate a default judgment, defendant appeals.

Affirmed.

*Spalding & Shure* and *Garfield Rustad,* for appellant.
*Fowler & Green,* for respondent.

CHRISTIANSON, J. This is an appeal from an order denying defendant's application to set aside a default judgment. The summons and complaint in the action were served upon the defendant on March 3, 1915. The complaint alleges that the defendant had converted a certain horse upon which the plaintiff held a chattel-mortgage lien for the sum of $200.

It appears from the affidavits and the evidence offered upon the hearing of the motion to set aside the default judgment, that a few days after the service of the summons and complaint, the defendant had a conversation with Green, one of the attorneys for the plaintiff, but the affidavits are to some extent in conflict as to what was said during such conversation. The defendant in his affidavit claims that he exhibited to Green the horse which he had purchased from plaintiff's mortgagor, and called Green's attention to certain matters which defendant claims tended to show that the horse purchased by defendant was a different horse from the one covered by plaintiff's mortgage. Defendant further claims that he believed that he had succeeded in convincing Green of the correctness of his position. Green in his affidavit gives a somewhat different version of the conversation, and states that he informed the defendant that he (Green) knew nothing about the transaction, that his partner, Mr. Fowler, handled the case, and that the defendant had better see Fowler in regard thereto.

It is undisputed, however, that on December 11, 1915, attorney Green again met the defendant, and had a conversation with him in the courthouse in Moorhead, Minnesota, and called defendant's attention to the fact that the case was still pending and that something must be done

about it.   Defendant again referred to the former conversation, and made the same claim with respect to the horse, Green than stated that defendant must be mistaken in his contentions, and that he ought to come over and see Fowler and talk the matter over with him.   At a later date, Green called defendant on the telephone, and informed the person answering the phone, at defendant's residence in Moorhead, Minnesota, that the defendant would have to take care of the matter or judgment would be entered.   Defendant paid no further attention to the matter, and on January 5, 1916, plaintiff's attorney sent the following letter to the defendant:

January 5, 1916.

· State Bank of Menagha,

vs.

A. J. O'Laughlin.

A. J. O'Laughlin, Esq.,
          317 7th St. S.,
                    Moorhead, Minn.

Dear Sir:

Will you please come over to the office to-morrow so that we can talk over that horse matter ?   Our clients are urging us to take some action, and we will have to enter judgment unless some disposition is made of it.

You had better call up our Mr. Fowler so that he will be sure to be in the office when you come over.

Very truly yours,

Fowler & Green.

· The defendant does not deny that he received this letter; but he paid no attention to the matter, and on March 6, 1916, or about two months thereafter, judgment was entered against him upon proofs duly made before the court.   On March 15, 1916, plaintiff's attorneys wrote a letter to defendant, advising him of the entry of the judgment, and further notifying him that, unless it was paid, execution would be issued. On the same date the defendant called upon Attorney Rustad, of Moorhead, Minnesota, and Rustad wrote a letter to plaintiff's counsel with respect to the matter.   Shortly thereafter Rustad requested plaintiff's attorneys to stipulate for a vacation of the judgment, but plaintiff's counsel refused to so stipulate.

No further attention was paid to the matter either by defendant or his attorney until after September 1, 1916, when plaintiff instituted a garnishment action against the county of Cass as garnishee, and garnished certain moneys belonging to the defendant. The motion to vacate the default judgment was made within a short time thereafter.

Under our statute (Comp. Laws 1913, § 7483) an application to be relieved from a default judgment on the ground of mistake, inadvertence, surprise, or excusable neglect is addressed to the sound judicial discretion of the trial court on the particular facts existing in the case, and consequently the ruling will not be disturbed on appeal unless it is plain that the trial court abused its discretion in determining the motion. See Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1012.

The rules of law governing applications of this kind are well settled. While it is true that such applications are ordinarily granted where the moving papers disclose a good defense upon the merits, and a reasonable excuse for the mistake, inadvertence, surprise, or neglect which occasioned the default, it is also true that the moving party must show himself entitled to the relief which he seeks. And to do this he must show: (1) That he has a good defense upon the merits; (2) a reasonable excuse for the mistake, inadvertence, surprise, or neglect which occasioned the default; and (3) reasonable diligence in presenting the application to vacate after knowledge of the judgment. "If the party actually knows that a judgment has been rendered against him," says Black (Black, Judgm. § 313), "and the judgment is not simply and merely void, it is the undoubted rule that he must exercise reasonable diligence in procuring its vacation, and that his unexcused laches or delay, unduly protracted, will preclude him from obtaining the relief sought. In deciding upon an application to strike out a judgment after the term is past, for fraud, irregularity, deceit, or surprise, the court acts in the exercise of its quasi equitable powers, and in every such case requires the party making the application to act in good faith and with ordinary diligence."

In the case at bar the undisputed facts negative, rather than affirm, reasonable diligence in moving to set aside the judgment. It is undisputed that the defendant was informed on December 11, 1915, that he must take some steps to protect his interests in the action; that he was informed to the same effect by letter on January 5, 1916, and that on

March 15, 1916, he was informed that judgment had been entered; that immediately thereafter he and his counsel were informed by plaintiff's attorneys that it would be essential for the defendant to move to vacate the judgment, and that plaintiff's counsel would not stipulate for a vacation of the judgment. The defendant and his counsel paid no further attention whatever to the matter until after the garnishment action had been brought in September, 1916; and there is absolutely no attempt on the part of the defendant or his attorney to excuse the delay in moving to set aside the default. The defendant and his attorney had full knowledge of the attitude of plaintiff's counsel. Plaintiff's attorneys in no manner imposed upon or sought to take any undue advantage of the defendant; they dealt with him in the utmost fairness.

We are agreed that the trial court properly denied the application to vacate the judgment. Order affirmed.