FARMERS & MERCHANTS STATE BANK OF TOLNA, a Corporation, Appellant, v. H. L. STAVN and Lena Stavn, Respondent.

(194 N. W. 689.)

**Appeal and error — judgment — discretion of trial court in vacating default judgment for surprise, mistake, or excusable neglect not disturbed unless abuse shown.**

1. An application to vacate a default judgment on the ground of surprise, mistake, or excusable neglect is addressed to the sound judicial discretion of the trial court on the particular facts existing in the case, and the trial court's ruling will not be disturbed on appeal unless an abuse of discretion is shown. State Bank v. O'Laughlin, 37 N. D. 532.

**Evidence — as between parties to negotiable instrument, defense of no consideration may be established by parol.**

2. As between the immediate parties to a negotiable instrument, absence of consideration therefor is a defense and may be established by parol.

**Evidence — parol evidence admissible to show instrument given without consideration.**

3. While parol evidence of a contemporaneous agreement or understanding is inadmissible to contradict, vary, or explain the terms of a negotiable instrument, it may be introduced to show that the instrument was given without consideration.

Opinion filed July 5, 1923.

Appeal and Error, 4 C. J. § 2825 p. 840 n. 33; Bills and Notes, 8 C. J. § 1018 p. 744 n. 36; Evidence, 22 C. J. § 1159 p. 1165 n. 77; § 1669 p. 1255 n. 53; Judgments, 34 C. J. § 677 p. 429 n. 79.

Appeal from an order of the District Court of Nelson County opening and vacating a judgment as to the defendant Lena Stavn, *Cooley,* J. Affirmed.

*Flynn, Traynor & Traynor,* for appellant.

"During the trial, however, defendant was permitted to introduce testimony to, the effect that the cashier of the plaintiff bank agreed with the defendant, that the defendant would not be required to pay the

Note.—On admissibility of parol evidence to show failure of consideration of negotiable instrument, see 3 R. C. L. 943; 1 R. C. L. Supp. 928; 5 R. C. L. Supp. 210.

49 N. D.—63.

note, but that if the defendant would sign the note for a short time until Chase could go through and receive bankruptcy, that then after Chase had been so discharged in bankruptcy, the bank would then take a note signed by Mr. Chase alone, and release the defendant from liability. This testimony was all admitted over plaintiff's objection that it was incompetent and tended to contradict and vary the terms of a written instrument. We think this testimony was improperly received." First St. Bank v. Kelly, 30 N. D. 94; First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Sargeant v. Cooley, 12 N. D. 365, 117 N. W. 576; Rieck v. Daigle, 17 N. D. 365, 117 N. W. 346; 17 Cyc. 589, 644; 2 Enc. Ev. 453; Dan. Neg. Inst. 80; 4 Am. & Eng. Enc. Law, 2d ed. 146.

*Murphy & Toner,* for respondent.

NUESSLE, J. This is an appeal from an order granting the defendant's application to vacate and set aside a default judgment. The judgment vacated was one ordered against the defendant Lena Stavn and her husband, H. L. Stavn. The summons and complaint were served on the defendant Lena Stavn on October 4th, 1922. The judgment was entered on November 13th, 1922. The application for an order opening the judgment and allowing the defendant Lena Stavn to answer was made on December 26th, 1922.

The action is brought to recover on a promissory note. The defendant Lena Stavn resided with her husband in Nelson county, North Dakota. Service of the summons and complaint were made by leaving the papers with the defendant Lena Stavn at her residence, the defendant H. L. Stavn then being away from home. Thereafter and within due time an answer was interposed on behalf of both of the defendants by an attorney. This answer was not properly verified and the plaintiff's attorney refused to admit service for that reason and returned the papers. No other steps were taken to interpose an answer, and on November 13th judgment was entered by default against both of the defendants. The defendant Lena Stavn on December 26th made and served her notice of motion to vacate the judgment and for leave to answer. She made and served an affidavit of merits and a proposed answer. The motion as originally made was on the ground that there had been no service of papers upon her, but she later made an amended

application based on the ground that she had failed to answer by reason of surprise, mistake and excusable neglect. Her showing as made by affidavit is that the papers were served by one of the officers of the plaintiff bank; that he brought such papers to her at her residence, her husband then being absent in Minnesota; that there were two bundles of papers; that when he appeared she said she would sign no papers for him; that he told her he did not wish her to sign anything but that the papers he had were for her husband in connection with the Minnesota land deal; that she took such papers, and later at her convenience, without examining the same, sent them forward to her husband in Minnesota; that she did not know that she was being sued until after judgment had been entered, and therefore, she consulted no one with reference to the matter and took no steps to interpose an answer. She makes no showing as to when she obtained knowledge as to the fact of entry of judgment against her; neither does she set out any reason as to why her application to vacate and for leave to answer was not made earlier. Her husband makes affidavit that he directed his attorney to interpose an answer for himself and the defendant Lena Stavn, but that he did so without consulting her and without her knowledge. The attorney who attempted to make and serve the answer likewise makes affidavit that he did so at the request of H. L. Stavn and without any other authority in so far as the defendant Lena Stavn was concerned, and without consulting her, but that had he known she had a defense he would have answered for her.

The counter affidavits of the plaintiff are to the effect that service was made upon the defendant Lena Stavn by handing to her copy of the summons and complaint at her residence, and that service of summons and complaint in this action and also in another action were made upon the defendant H. L. Stavn by handing the papers to her at the same time; that there were three bundles of papers. The allegations of the affidavit of Lena Stavn with respect to what was said and done are expressly denied, and there are various other abrupt contradictions in the affidavits.

The proposed answer of the defendant Lena Stavn admits the execution and delivery of the note sued upon, and "alleges that the note . . . was given to the plaintiff without any consideration whatsoever and under the following circumstances and upon the following agree-

ment and not otherwise; that before the giving of the said note and during the negotiations leading up to the giving of the same, the plaintiff, in order to induce the defendant to sign said note, stated and represented to the defendant that the defendant H. L. Stavn was indebted to the plaintiff in the sum of $2,000 for money advanced to the last named defendant for use in his mercantile business in which said defendant H. L. Stavn had executed and delivered to the plaintiff a certain mortgage mortgaging to plaintiff certain real property owned by the defendant H. L. Stavn in the state of Minnesota for the purpose of securing said note; but that said mortgage could not be filed for record in the state of Minnesota unless the same were signed by this defendant, she being the wife of said defendant, and that said plaintiff wanted the signature of this defendant upon said mortgage and note for no other purpose than to have such mortgage and note executed in such manner that the same could be filed for record in the state of Minnesota, and for no other purpose whatsoever, and positively assured this defendant that her signature for said note would not be used for any other purpose whatsoever, and positively assured and stated to this defendant that she would never be asked or required to pay said note or any part thereof, and that relying up the statements of said plaintiff aforesaid and for the purpose of accommodating said plaintiff and for no other purpose whatsoever and entirely without consideration, this defendant signed said note."

After a consideration of the showing thus made by the respective parties, the district court made its order opening the default and permitting the defendant to answer on payment of terms on the ground that such judgment was rendered through mistakes, surprise and excusable neglect. This appeal is from that order.

It is the appellant's contention that the proposed answer does not set up a meritorious defense, and second, that even though it does, that there was an abuse of discretion on the part of the trial court in granting the defendant's application. This court, in State Bank v. O'Laughlin, 37 N. D. 532, 164 N. W. 135, speaking through Judge Christianson, said:

"Under our statute (Comp. Laws 1913, § 7483) an application to be relieved from a default judgment on the ground of mistake, inadvertence, surprise, or excusable neglect is addressed to the sound judicial

discretion of the trial court on the particular facts existing in the case, and consequently the ruling will not be disturbed on appeal unless it is plain that the trial court abused its discretion in determining the motion. See Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1012.

"The rules of law governing applications of this kind are well settled. While it is true that such applications are ordinarily granted where the moving papers disclose a good defense upon the merits, and a reasonable excuse for the mistake, inadvertence, surprise, or neglect which occasioned the default, it is also true that the moving party must show himself entitled to the relief which he seeks. And to do this he must show: (1) That he has a good defense upon the merits; (2) a reasonable excuse for the mistake, inadvertence, surprise, or neglect which occasioned the default; and (3) reasonable diligence in presenting the application to vacate after knowledge of the judgment."

We are of the opinion, after careful examination of the proposed answer in the instant case, that it does set up a good defense. We have no concern here as to whether or not the matters pleaded can be substantiated by evidence. The allegations of the answer or affidavit of merits cannot be controverted in this proceeding. Wakeland v. Hanson, supra. The appellant urges that under the authority of First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044, the proposed answer is bad in that it pleads a defense based upon a parol agreement contrary to the express terms of the note sued upon. We do not believe, however, that this contention is sound. There is no question but that the rule is that parol evidence is inadmissible to vary or contradict the terms of a promissory note as between the parties thereto in the absence of fraud or mistake; and while that rule is followed and approved in the Kelly case, it is not at all inconsistent with the further rule therein stated and approved that as between the immediate parties to a negotiable instrument, absence of consideration therefor is a defense and may be established by parol. This rule is expressly pronounced by our statute, Comp. Laws, 1913, § 6913; and independently of the statute, is the law. See Dan. Neg. Inst. 6th ed. § 81A and cases cited; 8 C. J. p. 744 and cases cited; Brannan, Neg. Inst. Law, § 28 and cases cited; First State Bank v. Kelly, supra; Davis v. Sterns, 85 Neb. 121, 122 N. W. 672; McCourt v. Peppard, 126 Wis. 326, 105 N. W. 809. The appellant's position is that the answer pleads a parol

agreement on the part of the plaintiff that the defendant would not be called upon to pay the instrument in question. It is true that such an agreement is pleaded but only as a circumstance touching the real defense pleaded, that is, absence of consideration. While parol evidence of a contemporaneous agreement or understanding is inadmissible to contradict, vary or explain the terms of a negotiable instrument, it may be introduced to show that the instrument was given without consideration. See note in 43 L.R.A. 474; 3 R.C.L. p. 924. As we read the proposed answer all that is pleaded therein is pleaded with the idea and purpose of establishing absence of consideration.

This being our view of the proposed answer, it becomes necessary to further consider the record for the purpose of determining whether or not the other requirements imposed by the rule heretofore quoted and as stated in State Bank v. O'Laughlin, supra, have been met by the defendant. There is no showing on the part of the respondent in her moving papers as to when she was apprised of the fact of entry of the judgment against her. Neither is there any showing as to why the application was not made prior to December 26th, some six weeks subsequent to the date of the entry of such judgment. That being the case, the question is whether or not we can at this time say that a delay of six weeks without excuse offered therefor is so inconsistent with reasonable diligence on the part of the applicant as to warrant us in holding that there was an abuse of discretion on the part of the trial court in vacating the judgment. We do not believe that we should so hold. Neither de we believe, the trial court having adopted the defendant's theory as to the facts with reference to her excuse for the default, that we can say that he acted arbitrarily in so doing. It is not a question of what this court would find and do were it passing on the application in the first instance, but rather whether that which the trial court found and did was unreasonable. In other words, since the whole matter is addressed to the sound judicial discretion of the trial court, on the showing as made, we do not believe that we are warranted in saying that there was an abuse of that discretion, and therefore, the order appealed from must be affirmed, with costs to the respondent.

BRONSON, Ch. J., and BIRDZELL, JOHNSON, and CHRISTIANSON, JJ., concur.