F. A. BURGETT, Appellant, v. W. R. PORTER, Respondent.

(205 N. W. 623.)

**Judgment — motion to vacate default judgment is addressed to the sound discretion of the trial court.**

    1. The motion to vacate a default judgment upon the ground of mistake or excusable neglect, under § 7483, Comp. Laws, 1913, is addressed to the sound judicial discretion of the trial court.

**Judgment — vacating default judgment and permitting defendant to answer held not abuse of discretion.**

    2. For reasons stated, it is *held* that the trial court did not commit an abuse of discretion in vacating the default judgment and permitting the defendant to answer and defend on the merits.

Opinion filed October 8, 1925.   Rehearing denied November 2, 1925.

Judgments, 34 C. J. § 580 p. 365 n. 67; § 677 p. 429 n. 79.

Appeal from County Court of Cass County, *Monson,* **J.**

Affirmed.

*Burfening, Conmy, Soule & Pierce,* for appellant.

"The affidavits of merits cannot be controverted as to the facts therein recited, so far as the same purports to state the proposed defense on the merits." Racine Sattley Co. v. Pavlick, 21 N. D. 222, 130 N. W. 228.

"Under the express terms of the statute, § 7483, an application to vacate a default judgment is addressed to the sound judicial discretion of the trial court on the particular facts of the case. . . . That the application is addressed to the sound judicial discretion of the

Note.—Power as inherent in courts to vacate judgment, see 15 R. C. L. 688 et seq.; 3 R. C. L. Supp. 485.

court on the particular facts and that on such application the prime question is as to whether the moving party has presented sufficient excuse for his negligence." Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1011.

"Numerous statutes authorize the opening or vacating of a judgment taken against the defendant by mistake, but this applies only to mistakes of fact, not to mistakes of law, unless otherwise provided by the statute." 34 C. J. p. 296.

"Where a defendant suffered a default by reason of his belief that the service of the summons made by plaintiff's agent was invalid because not made by an ·officer, the default was a result of a mistake of law, and therefore, not a ground for setting aside the judgment as procured through defendant's mistake or excusable neglect." Plano Mfg. Co. v. Murphy, 92 N. W. 1072.

"That the plaintiff should not suffer the loss of any advantage of position secured by virtue of the judgment vacated." Croonquist v. Walker, 196 N. W. 108.

*Usher L. Burdick,* for respondent.

An application to vacate a default judgment, on the ground of surprise, mistake, or excusable neglect is addressed to the sound discretion of the trial court on the particular facts existing in the case and the trial court's ruling will not be disturbed on appeal unless an abuse of discretion is shown. Farmers & M. State Bank v. Stavn, 194 N. W. 689; Bank v. O'Loughlin, 37 N. D. 532, 164 N. W. 135; Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1012; Racine Sattley Co. v. Pavlick, 21 N. D. 222, 130 N. W. 228.

JOHNSON, J. Plaintiff commenced an action against the defendant, in the county court of Cass county, on March 20, 1925, by the personal service of a summons and complaint. On April 10, 1925, the defendant being in default, a judgment was entered in favor of the plaintiff for the full amount demanded in the complaint. On April 14, following, a notice of motion to reopen the judgment was served and on April 28, an order vacating the judgment was made. From this order the plaintiff appeals.

The complaint alleges a cause of action, for the recovery of money, arising out of a contract of employment. The motion to vacate was

supported by an affidavit on the merits and a proposed answer both of which set forth a meritorious and complete defense to the action. In the affidavit the defendant avers, by way of excuse, that very soon after the service of the summons and complaint, he mislaid both in his office; that he never found them; that he assumed that the action had been started in the *district* and not in the *county* court of Cass county, and that he supposed therefore, that he had *thirty* instead of *twenty* days in which to answer. It appears also that during the term of the immediate predecessor of the present incumbent of the office of county judge, very few jury cases had been tried; that the county court had not been, until recently, "active in the trial of cases;" that it had not "functioned in the trial of important cases, etc."

Plaintiff contends that the order of the lower court must be reversed and the judgment re-instated because a vacating of the judgment was, in the circumstances, an abuse of discretion. The only question is whether the defendant showed, "mistake . . . or excusable neglect," within § 7483, Comp. Laws, 1913, so as to warrant the order of vacation in the exercise of legal discretion.

The material part of § 7483 reads as follows:

"The court may likewise, in its discretion and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this code, or by an order enlarge such time; and may also, in its discretion and upon such terms as may be just at any time within one year after notice thereof, relieve a party from a judgment, order or other proceedings taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding."

The motion is addressed to the sound judicial discretion of the trial court. In Jesse French & Sons Piano Co. v. Getts, 49 N. D. 577, 192 N. W. 765, this court said:

"The defendant and appellant contends that the court erred in making an order denying his motion to vacate and set aside the judgment in this case. Such applications are addressed largely to the discretion of the trial court, and nothing but palpable abuse of discretion in granting or refusing such an application would justify this court in interfering with the action of the court below." See also Farmers & M. State Bank v. Stavn, 49 N. D. 993, 194 N. W. 689.

The affidavits show that the summons and complaint were lost; that it was not usual that important jury or civil cases be commenced and tried in the county court; and that because the defendant supposed that the case was to be tried in the district court he thought he had the usual period of thirty days within which to answer. He was mistaken as to the court in which the action had been commenced. This was a mistake of fact. Upon discovering the mistake he promptly moved to vacate the judgment. We are not prepared to say that it was an abuse of discretion to vacate the judgment and permit the defendant to answer and defend on the merits. If he can prove the allegations of his proposed answer, it is clear not only that the plaintiff has no cause of action, but also that the judgment he obtained is entirely unjust.

The order appealed from is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and BURKE, JJ., concur.