FIRST STATE BANK OF CROSBY, NORTH DAKOTA, a Corporation, Appellant, v. H. E. THOMAS, Respondent.

(208 N. W. 852.)

**Appeal and error — relief from default judgment, sound discretion of court, ruling will not be disturbed except on showing of abuse of discretion.**

1. An application for relief from a default judgment under § 7483, Comp. Laws 1913, providing that the court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, is addressed to the sound judicial discretion of the court, and the court's ruling in that regard will not be disturbed on appeal unless it appears that in making it there was a manifest abuse of discretion.

**Judgment — defendant served by handing him unsealed envelope containing summons and not informed as to contents by marshal and did not examine same till after time for answer had expired; setting aside default judgment based on such service held proper.**

2. The record examined, and held that in the instant case it does not appear that there was an abuse of discretion in vacating the judgment.

Opinion filed May 1, 1926.

Appeal and Error, 4 C. J. § 2825 p. 840 n. 33. Judgments, 34 C. J. § 488 p. 263 n. 19; § 515 p. 296 n. 5; § 549 p. 329 n. 52; § 550 p. 329 n. 55; § 674 p. 423 n. 34; § 677 p. 429 n. 79.

---

Note.— (1) Discretion of court as to grant or refusal of application for relief from default judgment, see 15 R. C. L. 720; 3 R. C. L. Supp. 489; 5 R. C. L. Supp. 848; 6 R. C. L. Supp. 929.

Appeal from the District Court of Divide County, *Moellring,* J.

From an order vacating a default judgment and granting leave to the defendant to answer over, plaintiff appeals.

Affirmed.

*T. S. Stuart,* for appellant.

The mere inconvenience of the party defendant and the mere fact that he is busy with his farm work during harvest and neglects to attend to his business in time to prevent the entry of a default judgment did not furnish such excuse as is contemplated by the provisions of the statute admitting the opening of judgments entered through the mistake, inadvertence, surprise, or excusable neglect of the defendant. Bazal v. St. Stanislaus Church, 21 N. D. 602, 132 N. W. 2112.

Unexplained failure to take action for thirty days after knowledge on the part of the defendant of the entry of judgment was held to bar the right to vacate the same, and an order vacating the judgment made by the district court was reversed by the supreme court. Hunt v. Swenson, 15 N. D. 512, 108 N. W. 41.

Persons applying for relief from default judgments upon the ground of mistake, inadvertence, surprise, or excusable neglect have the burden of showing diligence, and unless it is shown affirmatively, the court will not ordinarily exercise its discretion in their favor. Kline v. Duffy, 20 N. D. 528, 129 N. W. 75.

The burden of proof is upon the moving party to show diligence in seeking relief, and a failure to do so is fatal to the application. Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746.

*Gustav A. Lake,* for respondent.

The question of relieving the defendant from his failure to answer rests entirely within the sound discretion of the trial court. Farmers & Merchants Bank v. Stavn (N. D.) 194 N. W. 689; Jesse French & Sons Piano Co. v. Getts, 192 N. W. 765.

Unless the trial judge has palpably abused his discretion, his decision should stand. Burgett v. Porter (N. D.) 205 N. W. 623.

NUESSLE, J. This is an appeal from an order vacating a default judgment and granting leave to the defendant to answer over.

In May, 1923, the plaintiff began an action in conversion against the defendant. Summons and complaint were sent to the marshal of

the village of Grenora, Williams county, North Dakota, for service. The originals were returned to the plaintiff with proof of service in due form. No answer was served or appearance made, and on July 10th judgment by default was entered against the defendant. Defendant had no notice of this judgment until November, 1924. On April 11, 1925, he moved to vacate the judgment and for leave to answer. This motion was made upon a good proposed answer, a sufficient affidavit of merits, and supporting affidavits. Hearing was had, plaintiff appearing and resisting, and on June 12th, 1925, the district court granted the motion. This appeal is from the order vacating the judgment and granting leave to the defendant to answer.

It appears from the showing made by the respective parties that the defendant was a farmer residing in Montana. He received his mail in the village of Grenora, North Dakota. Ben Anderson was the village marshal. He was also the village postmaster. The summons and complaint were sent to him by the plaintiff for service upon the defendant. Anderson was inexperienced in the service of papers. On May 16th, 1923, defendant went to the postoffice to get his mail. Anderson, through the delivery window, handed his mail to him, and with it a copy of the summons and complaint in an unsealed envelop. Anderson did not advise the defendant of the contents of the envelop, nor that he was serving process upon him. Defendant received this envelop without knowledge of its contents. He was busy at his farm work. He thought that the envelop contained advertising matter of some sort so paid no attention to it and put it aside. He did not become aware of its contents until some time later—in harvest time. He was inexperienced in such matters and believed that nothing could be done by him then since the time to answer was long past. He was not advised and did not know that judgment had been entered against him until in November, 1924. Then plaintiff's agent told him that a judgment had been entered against him and that an execution had issued. However, defendant did nothing regarding the matter until April, 1925, when he employed counsel and applied to have the judgment vacated and for leave to answer. He did not do this earlier because he was ignorant of his rights in the matter. In the meantime, and in March, 1925, plaintiff's agent had written him that unless the judgment was

paid it would proceed under the execution, and having received no reply again wrote him to the same effect about the first of April.

Relief may be had from a judgment on default under § 7483, Comp. Laws 1913, where such judgment was taken through mistake, inadvertence, surprise or excusable neglect. Applications for relief under this statute are addressed to the sound judicial discretion of the trial court, and the trial court's ruling in that regard will not be disturbed on appeal unless it plainly appears that in making it there was a manifest abuse of discretion. See Burgett v. Porter, 53 N. D. 312, 205 N. W. 623; Farmers & M. State Bank v. Stavn, 49 N. D. 993, 194 N. W. 689; Jesse French & Sons Piano Co. v. Getts, 49 N. D. 577, 192 N. W. 765; State Bank v. O'Laughlin, 37 N. D. 532, 164 N. W. 135; Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1011. A defendant seeking relief from a default judgment must show: (1) That he has a good defense upon the merits. (2) A reasonable excuse for the mistake, inadvertence, surprise, or neglect which occasioned the default. (3) Reasonable diligence in presenting the application to vacate after knowledge of the judgment. Farmers & M. State Bank v. Stavn, 49 N. D. 993, 194 N. W. 689; State Bank v. O'Laughlin, 37 N. D. 532, 164 N. W. 135; Wakeland v. Hanson, supra. In the instant case the defendant set up a good defense upon the merits and showed a reasonable excuse for the default. The only question for the trial court was as to whether he used reasonable diligence, considering all the circumstances in the case, in applying to the court for a vacation of the judgment after knowledge that it had been entered against him. Now it appears that the defendant was a farmer. He had had no experience in matters of litigation. He was first apprised that judgment had been taken against him in November, 1924. He did not immediately seek counsel because he did not know that it was possible to obtain relief from the judgment which had been taken against him. After he had been notified by the plaintiff in March and April that plaintiff was about to proceed under execution against him, he consulted counsel and for the first time learned that he might apply to have the judgment vacated. Then he made the application. It is true that there is some conflict between the showing of the plaintiff and that of the defendant as to certain matters of fact. Defendant is a man of considerable means. He owns real property both in North Dakota and Montana.

Plaintiff urges that it is unreasonable in view of his business experience to find that defendant had so little knowledge of legal matters and of his rights in this particular matter, and that the delay was induced by the belief that he had no defense rather than by ignorance. Defendant urges that the plaintiff's course of action in the matter is consistent with the defendant's version rather than with that of plaintiff. Defendant was responsible. It would have been possible to collect through execution. Yet, says the defendant, plaintiff waited nearly two years before taking active steps or threatening to take active steps to proceed with execution in order to lull the defendant into inaction and thereby cause him to waive his right to defend. In any event, the trial court found upon those matters of fact in the defendant's favor. We cannot say that in so doing the court acted arbitrarily. On this appeal, therefore, in testing the exercise of discretion on the part of the trial court we must take that view of the facts which is most favorable to the defendant. The trial court held that the defendant acted with reasonable diligence, although he had waited for five months after he had notice of the entry of judgment before he consulted counsel and sought relief. We are not prepared to say that under the circumstances there was a manifest abuse of discretion on the part of the trial court. The order appealed from must therefore be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.