# ROBERT D. BEERY, Respondent, v. AUGUST PETERSON, Appellant.

(225 N. W. 798.)

Opinion filed June 6, 1929.

*F. O. Hellstrom,* for appellant.
*Usher L. Burdick,* for respondent.

NUESSLE, J. This is an appeal from an order of the county court of Cass county denying the defendant's motion to vacate a default judgment and for leave to answer.

In 1925 the plaintiff brought this action in the county court of Cass county to recover upon a promissory note. The summons and complaint were duly filed together with the affidavit of service thereof made by one F. F. Reynolds, reciting that he was a citizen of the United States over the age of 21 years and "that on the 17th day of July, 1925, he served the annexed summons and complaint upon August Peterson, the defendant in said action, in McLean county, by delivering to him personally a true and correct copy of said summons and complaint." He further says that he knows the person served as aforesaid to be the person mentioned and described in said summons and complaint as the defendant herein. No appearance or answer being made by the defendant, Hon. M. O. Thompson, judge of the county court ordered judgment for the plaintiff, and judgment was entered accordingly on August 22, 1925. The defendant Peterson was a resident of Burleigh county. In the latter part of 1927 or early in 1928, the judgment thus entered was transcribed to the district court of Burleigh county. In April the defendant having procured counsel made a special appearance in the county court of Cass county and moved to vacate and set aside the judgment on the ground that the same was void for the reason that no summons had ever been served upon the defendant and therefore the court had acquired no jurisdiction over him. In support of this motion the defendant filed his affidavit reciting that he had resided for more than 25 years in Burleigh county, North Dakota; that on the 17th day of July, 1925, he resided on a farm in said county; that he was well acquainted with F. F. Reynolds; that said Reynolds did not serve a summons or complaint upon him in this action on that day, or at any other time; that he had

never been served with a summons or complaint or any other paper in said action; that he had no knowledge that a judgment had been taken against him by default or otherwise in said action until some time in February or March, 1928, when he was advised by a lawyer at Wilton that such had been done. The plaintiff resisted the application to vacate and filed the counter affidavit of F. F. Reynolds setting forth that affiant was well and personally acquainted with the defendant in July, 1925; that he had a recollection and remembrance, independent of the affidavit of service, of the transaction; that on the 17th day of July, 1925, he went to the defendant's farm in Burleigh county, about four miles from the village of Wilton; that he arrived there shortly before noon; that at that time the defendant was plowing corn near his residence; that affiant waited at the fence at the end of the field until the defendant arrived there; that affiant and defendant then discussed the matter of the note on which the suit was brought, which note affiant had in his possession; that defendant refused to pay the same; that thereupon affiant served the summons and complaint upon the defendant; that affiant then went to Wilton and discussed the matter with one J. W. Olson, the hotel man there; that Olson suggested that a settlement could be effected; that affiant had Olson go to the defendant's farm and talk the matter over with the defendant; that defendant then agreed to settle; that later he came to town for that purpose, went to the bank to get the money and there met a lawyer whose name is unknown to the affiant; that this lawyer advised the defendant not to settle; that defendant then offered affiant $5 in full settlement, which was refused, and no settlement was made; affiant then said to defendant, in substance, that it was a matter of indifference to him as the suit was brought anyhow. Reynolds further swore that he at that time made a notation of these facts and from such notation and memorandum he has been able to recall the exact date and particulars with respect thereto; that he was well and personally acquainted with the defendant and had known him for several years prior to the date of the service; that affiant had procured the note sued upon in settlement and compromise of a prior note on July 8, 1922, and that he has a clear recollection of all of the matters and things set out. Attached to this affidavit was the notation referred to by Reynolds. Thereupon the defendant made a further affidavit again denying that the summons

and complaint had been served upon him as claimed by Reynolds, and further reciting that on or about July 17, 1925, defendant had in his employ a man by the name of Schnieder; that Schnieder was cultivating corn for the defendant; that defendant was away from home that day and when he returned Schnieder told him that some man had driven up in an automobile and asked him to take some papers, but that his horses became frightened and were hard to control; that the papers were laid on the corn plow; that the wind blew them away; that he thought the papers were some sort of advertising matter and that he paid no attention to them; that the defendant did not see or talk to Reynolds on the 17th of July, 1925; that he did not go to Wilton with him on that day; that about one year prior thereto he had a conversation with Reynolds and accompanied him to Wilton and tried to borrow money from the bank for the purpose of making a settlement of the notes on which the judgment was based but that he could not borrow the money.

The matter was submitted to the county court on April 16, 1928, on this showing and on the files and records in the action, and on April 26, the court, Honorable Leigh J. Monson, Judge, denied the motion to set aside and vacate the judgment and made an order to that effect. It does not appear that this order was served upon the defendant or his counsel, or that either had any formal notice thereof. On August 15, 1928, his counsel made another and further application for a vacation and setting aside of the judgment and for leave to answer. In this application he again recited the facts as set out in his former showing, made an affidavit of merits, and submitted a proposed answer in which he admitted the execution of the note in suit and alleged that the same was wholly without consideration. The trial court again considered the defendant's motion on the further showing and the files and records as the same then stood and on August 22nd again denied the motion. Thereupon the defendant perfected the instant appeal, reciting that the same was from both the order entered originally on April 26 and from the second order entered on August 22, 1928.

For the purpose of disposing of this appeal the orders will be considered as one.

Considering the plaintiff's application to vacate the judgment and for leave to answer as one for discretionary relief only made under

the provisions of § 7483, Comp. Laws 1913, it is clear that the order must be affirmed. Whether such an application should be granted is within the sound legal discretion of the court to which it is made. And the court's action with respect thereto will not be disturbed unless there is an abuse of such discretion. See First State Bank v. Thomas, 54 N. D. 108, 208 N. W. 852; Croonquist v. Walker, 50 N. D. 388, 196 N. W. 108; Farmers & M. State Bank v. Stavn, 49 N. D. 993, 194 N. W. 689; State Bank. v. O'Laughlin, 37 N. D. 532, 164 N. W. 135. In the instant case a cursory inspection of the showing as made by the defendant discloses that there was no abuse of discretion. Viewing this showing in the light most favorable to the defendant, there is at most only a contradiction with respect to the facts and no justification or excuse for the failure to answer if service was made upon the defendant.

But the motion in the instant case strikes deeper than a mere application for discretionary relief. An application made under § 7483, supra, concedes jurisdiction and asks for relief on account of mistake, inadvertence, surprise or excusable neglect on the part of the applicant. The application in the instant case denies any service whatsoever and on that account challenges the jurisdiction of the court to enter judgment. As such it is not an application for relief which is discretionary with the court. If in fact the court had no jurisdiction then the defendant is entitled as a matter of right to have the judgment vacated and set aside. See Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Williams v. Fairmount School Dist. 21 N. D. 198, 129 N. W. 1027; Lobe v. Bartaschawich, 37 N. D. 572, 164 N. W. 276. See also Furman v. Furman, 60 Am. St. Rep. 629, and note (153 N. Y. 309, 47 N. E. 577); Meisenheimer v. Meisenheimer, 133 Am. St. Rep. 1005, and note (55 Wash. 32, 104 Pac. 159). In the one case there must be a showing of meritorious defense in addition to the showing of mistake, inadvertence, surprise or excusable neglect. In the other case there need be no such showing, and it is sufficient if it is made to appear that the court was without jurisdiction and the application is seasonably made. In that behalf defendant invokes a power not dependent upon the statute but inherent in the court.

In the instant case the court when it ordered judgment passed upon the question as to whether it had jurisdiction to do so and determined

that it had. There is nothing upon the face of the record to indicate any lack of service. If there was no service the defendant must show this by extrinsic evidence. The defendant now seeking to set the judgment aside has therefore the burden of establishing that there was in fact no service upon him. "A party asserting error has the burden of proving it." Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707. If he has sustained this burden then the judgment should be set aside and vacated. If he has not, then it should stand.

We have heretofore set out the substance of the affidavits on which the parties rely to support their respective contentions. Both might have much amplified their showings—plaintiff by the affidavit of Olson and defendant by the affidavit of his hired man, whose alleged statement he quotes. Neither saw fit to do so. These showings amount practically to an affirmation of service by the plaintiff and a denial thereof by the defendant, plaintiff detailing the circumstances more particularly. In any event, the trial court considered the showings pro and con with respect to the matter and ruled thereon. This ruling is presumed to be correct. Since the showings were wholly by affidavit and not before the judge who ordered the default judgment, this presumption is not as forceful as it would be had the ruling been made after the examination of witnesses in the presence of the judge who ordered the judgment. Nevertheless the burden was upon the defendant to establish the fact that there had been no service upon him. We cannot say that the trial court erred in holding that he has not done so. The order must therefore be affirmed.

BURKE, Ch. J., and BURR and BIRDZELL, JJ., concur.

Mr. Justice CHRISTIANSON, being disqualified, did not participate.