CHITTENDEN & EASTMAN COMPANY, a Corporation, Appellant, v. HENRY SELL and Lloyd Sell, Doing Business as Sell Hardware & Furniture Co., Respondents.

(227 N. W. 188.)

Opinion filed October 22, 1929.

*M. E. Culhane* and *Hylund & Foster,* for appellant.

*J. W. Schmidt,* for respondents.

BURR, J. This is an appeal from the order of the district court vacating a judgment taken by default and permitting the defendants to answer.

The summons is in the usual form with the exception that it required the defendants "to serve a copy of your answer upon the subscriber within *twenty* days after the service of this summons upon you exclusive of the date of service," instead of requiring service within thirty days as prescribed by § 7422 of the Compiled Laws.

The complaint sets forth a cause of action in favor of the plaintiffs and shows the plaintiff to be a foreign corporation, organized under the laws of the state of Iowa.

Upon the service of the summons and complaint the defendants made a "special appearance" asking "for an order setting aside the service of the summons herein on the ground that the said summons does not conform to the requirements of § 7422 and § 7812 of the Compiled Laws of North Dakota for the year 1913." Section 7812 referred to provides: "In cases in which the plaintiff is . . . a foreign corporation, the plaintiff must before commencing such action furnish a sufficient surety for costs." No surety for costs was furnished at any time.

Upon receipt of this notice the plaintiff served notice of motion to

amend the summons so as to change the time of appearance from twenty days to thirty days, as prescribed by the code, but no action was taken toward furnishing surety for costs. The defendants failing to appear at the time set the court granted the motion to amend the summons, and in the order specified "that the said defendants have thirty days from and after the filing of this order in which to answer." The order allowing the amendment was filed on the 16th day of October, 1928, and was served upon Lloyd Sell on the 9th of October, 1928, and on Henry Sell on the 13th day of October, 1928. No amended summons was ever served upon either defendant. The defendants paid no attention to the action of the plaintiff and on the 10th day of December, 1928, judgment was entered in favor of the plaintiffs, and against the defendants in accordance with the prayer of the complaint.

On the 31st day of December, 1928, the defendants served upon the plaintiff notice of motion to vacate this judgment taken by default basing the same upon the affidavit of J. W. Schmidt counsel for the defendants and attached thereto a proposed answer which sets up a defense. The affidavit of J. W. Schmidt recites the facts heretofore stated calling attention to the fact that nothing had been determined by the court with reference to the motion for surety for costs and that said motion was still pending. The affidavit also alleged that motion for leave to amend the summons had not been served upon him as the attorney for the defendants but had been served upon the defendants personally; that the order permitting amendment had not been served upon him but was served upon the defendants personally, and that after learning of such order through the defendants he wrote to the counsel for the plaintiff calling their attention to the fact that "it (the order permitting the amendment) covered but one point and that the other point was still pending; that he had at that time in said letter protested for not being served with a copy of the order and told them he would insist upon being heard on both grounds of his motion at the time and place set in said Notice of Motion." Prior to the return day counsel for the plaintiff filed the affidavit of J. A. Hyland showing the chronological facts in the case, to which the defendant replied by filing another affidavit of J. W. Schmidt in part as follows:

"That the affiant believing, under his notice of special appearance

and motion served herein, that he was entitled to notice of the attempt to amend the summons and entitled thereunder to an opportunity to be heard upon both of the grounds raised, immediately wrote to the attorneys for the plaintiff calling their attention to the facts that he had received no notice, that one of the grounds urged by him was still undecided, and that he would insist upon being heard at the time originally set in his notice. That the affiant believed that he could not take any additional steps in the matter without converting his special appearance into a general appearance and thereby lose all rights he believed he and his clients had . . . .

"That the affiant at all times had intended to serve an answer in this action in the event the court decided against the defendants on the grounds the affiant urged in his notice of motion and that the affiant had apprised the said Hyland & Foster of that intention on his part in his letter of transmittal dated September 3, 1928, and accompanying his notice of motion. That the affiant at all times believed it necessary that both grounds of his motion be disposed of before it would be necessary for him to answer and that as long as one of the said grounds remained undecided he and his clients were not in default; and that if the affiant is mistaken in this belief that it was necessary that both grounds of his motion be disposed of before the defendants would be under obligation to answer or be in default, it was through the inadvertence, mistake and excusable neglect of the affiant as the attorney representing the defendants that an answer was not served in time to avoid default."

Later, the court granted the motion to vacate the judgment and permitted the defendants to answer. It is from this order plaintiff appeals.

In his memorandum opinion, determining the question the trial court said:

"It is, however, apparent that the defendants at all times intended to contest the action, relying upon their attorneys to do whatever was necessary to have their rights properly protected. They had employed an attorney for that purpose and had turned over to him the summons and complaint after it was served upon them."

"It seems that Attorney Schmidt took the position that his special

appearance held up all proceedings until his motion was disposed of, which theory of course was erroneous."

"On the other hand, it appears that the order permitting the amendment did not come into his hands until after the time to answer was up. It seems one of the defendants at one time attempted to see his attorney but that he was not in the office when he called.

"While the excuse of inadvertence or surprise is not strong in this case, and it includes mistakes of law as well as mistakes of fact, I feel in view of all the proceedings, as well as the affidavit of merit and the proposed answer, that the case should be opened and the defendant permitted to interpose his defense. . . .

"The first error in this case was the mistake in the summons. Unquestionably, if that had been right, a general and not a special appearance would have been entered. It was this error that gave birth to the blunders on the part of the defendants that followed."

We are not required to determine whether the statement in the summons allowing but twenty days to answer is such a fatal error as to prevent the court acquiring jurisdiction in the face of § 7441 requiring the answer be served "within thirty days after the service of the copy of the complaint." Neither are we required to pass upon the question of whether the motion to dismiss for failure to furnish surety for costs stayed all further proceedings in the case until such surety was furnished. Our statute, § 7483, permits the court "in its discretion and upon such terms as may be just at any time within one year after notice thereof, to relieve a party from a judgment, order or other proceedings taken against him through his mistake, inadvertence, surprise, or excusable neglect, etc." It is clear from the record the defendants never intended to permit the case to go by default. The defendants promptly employed counsel and such counsel took such steps as he deemed necessary to protect the cause of his clients. It may be he was in error in some of his conclusions and neglected to prevent default judgment; nevertheless it is not an inexcusable neglect. The trial court so held. The matter is a matter of discretion on the part of the trial court to be exercised within the law. In the absence of the abuse of such discretion the order will not be interfered with. See First State Bank v. Thomas, 54 N. D. 108, 111, 208 N. W. 852, where

decisions of this court on this point are cited. Accompanying the order and permitting the answer was a requirement for the payment of the term costs. We do not find the trial court abused its discretion, hence the order appealed from is affirmed.

Burke, Ch. J., and Nuessle, Birdzell, and Christianson, JJ., concur.