On April 16, 1927, the plaintiff J.S. Odland as receiver of the First National Bank of Lansford took judgment against the defendant Selk on certain promissory notes. These notes were executed by Selk to the O'Keeffe Implement Company and by it negotiated to the First National Bank of Lansford. Proof of personal service of the summons and complaint upon the defendant was made by the affidavit of one Handy. No appearance was made on behalf of the defendant and judgment was entered against him by default. Thereafter the judgment in question was sold and assigned to one Huso by the receiver. Selk had lately gone through bankruptcy and had but little property. The notes on which the judgment in question was obtained were listed in the bankruptcy proceedings. In 1929 Selk inherited some property. By some arrangement with his co-heirs he took title to certain real property in the county in which he lived. He attempted to make a loan on this real estate and then discovered the judgment in question to be of record. He at once moved to have the same set aside on the ground that no service had been made upon him and that therefore the court was without jurisdiction. This motion was made before the judge of the district court who had ordered the default judgment against him. The motion was made upon showing by affidavits. In his own affidavit Selk set forth the fact of his bankruptcy and his discharge in March, 1924, from all debts provable against his estate, including the liability on the notes in question; that he did not know that the notes had been assigned to and were owned by the First National Bank of Lansford; that no service of process had ever in any way been made upon him; and that he had no knowledge that any judgment had been taken against him until he attempted to make a loan upon his real property. He also filed the affidavit of his attorney who swore he had conducted the bankruptcy proceedings for him; that he had advised Selk as to the effect of the discharge in bankruptcy and that it was necessary to plead it in defense of any action brought on account of an indebtedness which had been discharged; that *Page 338 
he had so advised Selk with respect to other actions; that Selk had assured him there were no judgments outstanding against him at the time he initiated steps to make the loan on his property. At the time of the application to set aside the judgment, Handy, who made the affidavit of service of summons and complaint upon Selk, was dead, but the plaintiff Odland in opposition to the motion to set the judgment aside proffered the affidavit of one Magnus who was a notary public and who swore he had accompanied Handy at the time service was made upon Selk; that he was personally acquainted with Selk; that he and Handy drove to Selk's place of residence and that Selk came out to the automobile in which they were and had some conversation with Handy; that Handy gave the summons and complaint to Selk and in answer to Selk's inquiry told him that the suit was by Odland on the O'Keeffe notes; that thereafter he and Handy returned to town and he drew the affidavit and swore Handy to it. It also further appeared from the affidavits of Odland, O'Keeffe, and various other persons, that Selk knew the First National Bank of Lansford was the holder of the notes in question; that he had been told this by O'Keeffe and various other persons both in conversation and by letter; that O'Keeffe had talked with Selk many times with respect to the notes, telling him that he had sold the notes to the First National Bank of Lansford and was responsible on their account to the bank; that Selk had never disputed the notes or denied the debt but had said he was hard up and could not pay then and assured O'Keeffe that he, O'Keeffe, would not sustain any loss on account of the notes; that O'Keeffe talked with Selk after judgment was obtained and urged him to pay the indebtedness. Selk filed in rebuttal the affidavit of his attorney who reiterated and amplified the matters and things set out in his first affidavit, and the affidavit of his son who swore to facts indicating knowledge on the part of Selk that it was necessary to plead the discharge in bankruptcy as a defense; and that he was at his father's house on March 8, 1927, the date of the alleged service, and that he did not see Handy or Magnus or hear that they were there or on the place on that day; that Handy was an excessive user of alcohol and snuff to such an extent as to render him incompetent and that his death was brought about by such indulgence. After consideration of this showing the district court set aside and vacated the judgment. Thereupon plaintiff perfected this appeal. *Page 339 
If, as he contends, there was in fact no service upon Selk, the court possesses the inherent power to vacate and set aside the judgment. Yorke v. Yorke, 3 N.D. 343, 55 N.W. 1095; Freeman v. Wood, 11 N.D. 1, 88 N.W. 721; Williams v. Fairmont School Dist.21 N.D. 198, 129 N.W. 1027. And if there was no service and so no jurisdiction to enter the judgment, Selk's application to vacate and set it aside was not one addressed to the discretionary power of the court. In such case he was entitled to the relief which he prayed, not merely as a matter of grace but as a matter of right. See Beery v. Peterson, 58 N.D. 273, 225 N.W. 798.
A summons may be served by the sheriff of the county where the defendant may be found or by any other person not a party to the action. Comp. Laws 1913, § 7427. Thus service may be made either by an officer or a private individual and made either way it is good. Proof of service of the summons, and complaint or notice, if any, accompanying the same, if made by any other person than an officer, must be by the affidavit of the person who made it, and such affidavit must state the time, place, and manner of service. Comp. Laws 1913, § 7436. In the instant case service was made by Handy as a private person and his affidavit of service met the requirements of the statute. On the face of the record this service was sufficient and the court had jurisdiction. In many jurisdictions proof of service where made by a proper officer is conclusive after judgment and cannot be impeached in any manner. We do not approve of so strict a rule. In any event, it would not apply in the instant case for the reason that service was not made by Handy as an officer. And whatever the presumption may be with respect to performance of duty by an officer, that presumption does not arise where an act is done by one in a private capacity. So there is no question but that in the instant case it was competent for the defendant to contradict the proof of service. See Freeman, Judgm. § 1229; Marin v. Potter, 15 N.D. 284, 107 N.W. 970; Beery v. Peterson, 58 N.D. 273, 225 N.W. 798, supra. In this connection see also note in 124 Am. St. Rep. pages 756, et seq.; Pettis v. Johnston,78 Okla. 277, 190 P. 681. "But even though a return of service may be contradicted, it is presumptively correct and can only be overcome by a clear and unequivocal showing. . . . It would work the greatest mischief if after a judgment is taken it could be set aside upon the slippery memory of *Page 340 
the defendant, perhaps years thereafter, that he had not been served." Freeman, Judgm. § 1229. The sole question in this case then is as to whether the defendant Selk assumed the burden and produced that clear and unequivocal proof in support of his application which is required in such cases. It seems to us he did not do so. The motion to vacate was made more than two years after the judgment was entered. It rested upon the affidavit of the defendant Selk with such slender corroboration as the other affidavits afforded. Opposed were the affidavit of service of Handy, the affidavit of Magnus, and the several other affidavits with respect to the admissions of Selk and the knowledge that he had concerning the ownership of the notes by the First National Bank of Lansford. With the exceptions of O'Keeffe and Huso, those who made the affidavits in opposition to the motion had no personal interest in the result. At the time the judgment was entered, Selk apparently had but little property and so he would then have had but small concern if a judgment were taken against him. But at the time he moved to set the judgment aside he had property and so was vitally interested in the matter. The trial court in his memorandum opinion refers to the fact that Magnus in his affidavit recites that after service was made upon Selk he returned to his office and there drew the affidavit to which he swore Handy, when in fact it appears from the affidavit itself it was not drawn by Magnus but that a prepared form was used. We think no weight can be attached to this apparent discrepancy. The affidavit of service itself discloses that it was drawn prior to the time of its execution and that various portions of it were stricken out and insertions made in order to conform to the facts as recited therein. These changes and alterations apparently made by Magnus were such as would ordinarily be considered by one making them as amounting to the drawing of the instrument. The trial court further states in his memorandum that Magnus' affidavit does not recite the exact time when service was made upon Selk and so an opportunity was afforded the plaintiff to produce a further affidavit from Magnus setting out in greater detail the facts regarding the matter. But none was produced. Even so, this does not destroy the force of the affidavit. It must be borne in mind that the showing before the trial court was wholly a paper showing and no oral testimony was taken. We have this same showing before us on this appeal. The trial court did not have that *Page 341 
advantage which comes from seeing and hearing witnesses as they testify. Therefore, the finding of the trial court with respect to the fact of service does not have the same weight that would attach to it had the proofs been made by oral testimony offered in his presence. He had no better opportunity to pass upon the question of credibility than we have on this appeal. Upon the whole showing as thus made the trial court was not warranted in vacating and setting aside the judgment. We think, however, that in the interests of justice both sides should be afforded an opportunity to make a further showing in the matter. The case will therefore be remanded with directions that the order from which the appeal was taken be set aside and the matter reopened and that opportunity be afforded the respective parties to present their showings, if they desire to do so, through witnesses to be examined before the court with opportunity for such cross-examination as may be proper within the rules of evidence.
It is so ordered.
BURKE, Ch. J., and BURR, BIRDZELL and CHRISTIANSON, JJ., concur.