ELSIE MANTEL, Appellant, v. SUSIE L. PICKLE, Respondent.

(218 N. W. 605.)

**Appeal and error — application to vacate default judgment is addressed to the sound discretion of the court — will not be disturbed unless for abuse of discretion.**

1. Application for relief from a default judgment under § 7483, Comp. Laws 1913, providing that the court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, is addressed to the sound judicial discretion of the court, and the court's ruling in that regard will not be disturbed on appeal unless it appears that in making it there was a manifest abuse of discretion.

**Judgment — in instant case, held there was no abuse of discretion in vacating judgment.**

2. The record examined and held, that in the instant case it does not appear that there was an abuse of discretion in vacating the judgment.

Opinion filed March 21, 1928.

Appeal and Error, 4 C. J. § 2825 p. 840 n. 33. Judgments, 34 C. J. § 573 p. 358 n. 99; § 677 p. 429 n. 79.

Appeal from the District Court of Ramsey County, *Buttz,* J. From an order vacating a judgment by default and granting the defendant leave to answer over, plaintiff appeals.

Modified and affirmed.

*Adamson & Wheat,* for appellant.

"A motion to vacate or open a judgment should not be granted unless it is shown that the judgment is unjust as to the moving party." 23 Cyc. 894.

*F. T. Cuthbert,* for respondent.

"The motion (to vacate or open a judgment) is addressed to the sound judicial discretion of the trial court." Jesse French & Sons Piano Co. v. Getts, 49 N. D. 577, 192 N. W. 765.

"Under our statute (Comp. Laws 1913, § 743) an application to be relieved from a default judgment on the grounds of mistake, inadvertence, surprise or excusable neglect is addressed to the sound discretion of the trial court on the particular facts existing in the case, and conse-

quently the ruling will not be disturbed on appeal unless it is plain that the trial court abused its discretion in determining the motion." See Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1012; Jesse French & Sons Piano Co. v. Getts, 49 N. D. 577, 192 N. W. 765.

Nuessle, Ch. J. The plaintiff appeals from an order vacating a default judgment and granting the defendant leave to answer.

In July 1927, the plaintiff began an action against the defendant for damages for slander. Summons and complaint were served on July 17th. No answer was served or appearance made by the defendant and on August 27th judgment by default was entered against the defendant. On September 12th the defendant applied to the district court for the vacation of this judgment with leave to answer. This motion was made upon a sufficient proposed answer and an affidavit of merits. An order to show cause was issued directed to the plaintiff. The plaintiff appeared and showed cause in resistance of the application. On October 1st the court granted the motion. This appeal is from the order made accordingly.

The showing as made by the defendant is to the effect that she is an ignorant old woman. She had little knowledge of business affairs and little of court procedure. She had been a litigant twice before but both times as plaintiff. She thought that the summons directing her to appear and answer meant to appear and answer before the attorney for the plaintiff, the subscriber to the summons. She believed that no judgment could be taken against her without an appearance in court. Accordingly she went to the office of the attorney for the plaintiff and denied the matters set out in the complaint. Thereafter she paid no further attention to the matter until she learned from a business man that a judgment had been taken against her. Then she at once retained counsel and steps were taken to relieve her from the default. On the other hand, the plaintiff's showing is to the effect that the defendant is much more sophisticated than her affidavit would lead one to believe, and that defendant fully understood the situation and the requirement with respect to answering, and her failure to answer came about by reason of her attempt to force a favorable settlement. She came to the office of the attorney for the plaintiff and wanted to settle the difficulty and get back a certain letter she had written. No settlement was effected however.

Counsel for the plaintiff told her that unless she answered within thirty days from the date of service of the summons, judgment would be taken against her. She said she wanted to talk to her son and then she would see him again, but she did not return. No answer was interposed so judgment was entered. After the entry of judgment an attorney stating that he had been consulted by the defendant, enquired how much the plaintiff would demand in settlement. The plaintiff told him but nothing further was done until' defendant present counsel moved to vacate the judgment.

Relief may be had from a judgment on default under § 7483, Compiled Laws 1913, where such judgment was taken through mistake, inadvertence, surprise or excusable neglect. Applications for such relief are addressed to the sound judicial discretion of the trial court, and the trial court's disposition of the same will not be disturbed on appeal unless it plainly appears that the court abused such discretion. See First State Bank v. Thomas, 54 N. D. 108, 208 N. W. 852; Burgett v. Porter, 53 N. D. 312, 205 N. W. 623; Farmers & M. State Bank v. Stavn, 49 N. D. 993, 194 N. W. 689; Jesse French & Sons Piano Co. v. Getts, 49 N. D. 577, 192 N. W. 765; State Bank v. O'Laughlin, 37 N. D. 532, 164 N. W. 135; Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1011. A defendant, seeking relief from a default judgment, must show: (1) A good defense upon the merits. (2) Reasonable excuse for the mistake, inadvertence, surprise or neglect which occasioned the default. (3) Reasonable diligence in presenting the application to vacate after knowledge of the judgment. See First State Bank v. Thomas, and other cases cited supra.

In the instant case there is no question but that the defendant in her proposed answer pleaded a good defense upon the merits. Neither is there any question but that she acted with reasonable diligence in presetting the application to vacate after knowledge of the judgment. There remains then only the question as to whether or not she made a showing of reasonable excuse for the default. If so, this court will not disturb the order vacating it.

Defendant in her showing set forth the matters as heretofore stated. The plaintiff's counter-showing and the inferences to be drawn therefrom in many respects traverse this showing. The trial court passed upon the issues of fact thus made in the defendant's favor. Now, we

must test the exercise of discretion by considering the matter in the light most favorable to the defendant. The question is not what this court would have held had the matter been presented here in the first instance. The trial court held that the default was occasioned through the mistake, inadvertence, surprise and excusable neglect of the defendant. We are not prepared to say that this was a manifest abuse of discretion. We do think, however, that under all the circumstances the plaintiff was entitled to terms. The order from which the appeal was taken must therefore be affirmed, conditioned however upon the payment of terms in the sum of twenty-five dollars. It is so ordered. Neither party to recover costs on this appeal.

CHRISTIANSON, BIRDZELL, BURKE and BURR, JJ., concur.