COOK, Appellant, v. DAVIS, Respondent.

(230 N. W. 765.)

(File No. 6953. Opinion filed May 10, 1930.)

*C. E. Noel,* of Highmore, for Appellant.

*M. Harry O'Brien,* of Highmore, for Respondent.

BURCH, J. This is an appeal from an order vacating a default judgment. The judgment was rendered in favor of appellant against respondent June 19, 1929. Personal service of summons was made upon respondent together with warrant of attachment, affidavit, and other papers by the sheriff of Hyde county. Respondent made no answer or other appearance in the action and in time a default judgment was rendered and entered. There is no claim of any irregularity in the proceedings. After issuance of execution to enforce the judgment, respondent obtained a show cause order, and upon hearing the trial court vacated the judgment without terms and allowed respondent to answer and defend.

The assignments present but a single question: Did the court abuse its discretion in thus vacating the judgment? Respondent's affidavit by which she excuses her default shows that she is over sixty years of age, that she did not know the import of the papers served on her, nor realize the necessity of consulting counsel but thought the papers were a demand; that she had never before had experience in litigation; and that if she had realized the full meaning of the summons she would have consulted counsel in time to interpose a defense. She further says she lives a long way from town where she could consult counsel, and she thought there was no occasion to do so in any limited time. Her proposed answer admits most of the facts alleged in the complaint, except she denies the number of hours labor claimed to have been performed by appellant (the action being for labor as a carpenter in building a house for respondent). A rebuttal affidavit by appellant's attorney says that respondent lives in Woodbine, Iowa, and that according to a law directory a resident attorney is located there; that respondent promised to pay all she owed if she could have time; that she said suit would not do any good because she could not do any better; that she offered to give a note and second mortgage on her farm (the property attached in this action), but later refused to execute either; that she said she did not think she owed appellant

as much as he claimed and offered to pay as soon as she could get the money if he would discount his claim $33; that appellant refused the offer, and respondent was then and there told that action would be commenced against her, and action was immediately thereafter commenced and service made on the same day by the sheriff. These facts are not denied.

There does not appear to be any sufficient showing of "mistake, inadvertence, surprise or excusable neglect," as required by section 2378, R. C. 1919, to justify the order appealed from. While the vacating of a default judgment is within the sound judicial discretion of the trial court, it may not be done without sufficient cause. Respondent was personally served, and she ought to have known the import of the papers served or to have consulted counsel to find out. Mere inconvenience in consulting counsel could not excuse her. Furthermore, she was advised suit would be commenced, and it is hardly believable that she did not think she had been sued. Attachment process is sufficiently formidable to attract more than passing attention. A person of ordinary intelligence by mere reading must learn enough to put him on guard, and neglect to take such steps as might be necessary in making defense is not excusable. The proposed answer of respondent read with her affidavit does not lead one to believe she has a substantial defense. She says in her affidavit she does not believe appellant can prove all of his claim. No useful purpose would be served by an extended discussion of this case. The showing is so obviously insufficient that the order based thereon cannot be sustained.

The order appealed from is reversed, with direction to the trial court to reinstate the judgment and allow execution thereon.

BROWN, P. J., and POLLEY, SHERWOOD, and CAMP-BELL, JJ., concur.