[File No. 7364]

UNION STORAGE AND TRANSFER COMPANY, a Corporation, Respondent, v. DONALD H. SMITH, Appellant, and HAROLD G. REED, d/b/a Reed Cleaners, Garnishee and Appellant.

(58 NW2d 782)

Opinion filed May 28, 1953

*Paul Thonn,* for plaintiff.
*George E. Duis,* for defendant and garnishee.

Morris, Ch. J.   On January 19, 1952, Roy G. Froling made personal service on Donald H. Smith of a summons in an action entitled "In County Court, County of Cass.  Union Storage and Transfer Co. a corp., Plaintiff v. Donald H. Smith, Defendant." By this instrument defendant was

"summoned to answer the complaint in this action, a copy of which is or will be filed in the office of the Clerk of Court, in and for the County of Cass and State of North Dakota, and to serve a copy of your answer upon the subscriber within twenty days after the service of this summons upon you, exclusive of the day of service, . . . ."

The summons and the complaint referred to therein were filed in the office of the Clerk of County Court, Cass County, North Dakota, March 28, 1952, which it will be noted was considerably more than twenty days after the service of the summons.  On March 24, 1952, Paul G. Thonn, attorney for plaintiff, subscribed and swore to an affidavit before Roy G. Froling, reciting:

"that the summons and complaint in said action were served upon the defendants, therein in Cass County, on the 19 of Jan. 1952, as appears by the affidavit of one Roy G. Froling; that more than twenty days have elapsed since the service of said Summons and Complaint as aforesaid and that no answer

or demurrer has been served upon affiant nor has appearance been made in any manner by defendants."

This affidavit is erroneous in that no complaint was served upon the defendant and at the time of the execution of the affidavit no complaint had been filed in the office of the clerk of court as recited or promised in the summons. On March 28, 1952, this affidavit, together with a sworn statement of account, a motion for judgment, and an order for judgment signed by the judge of the County Court of Cass County were filed in the office of the clerk of the county court and judgment was by him that day entered in favor of the plaintiff and against Donald H. Smith for the sum of $435.00, principal, interest, and costs.

On April 4, 1952, the plaintiff caused to be served upon the defendant and upon Harold G. Reed, dba, Reed Cleaners, a demand for payment prior to garnishment. On April 9, 1952, the plaintiff caused to be served upon Smith, the defendant, and upon Reed, as garnishee, a garnishment summons and affidavit for garnishment. The affidavit shows that this proceeding was brought in aid of an execution issued upon the judgment previously entered in the main action. The original papers and proof of service in the garnishment proceeding were filed in the office of the Clerk of County Court of Cass County on April 30, 1952. On the same day Paul G. Thonn executed an affidavit of default of the garnishee and filed it, together with a motion for judgment against the garnishee by default, whereupon the judge of the county court signed an order for judgment against the garnishee and judgment was forthwith entered against him.

On May 23, 1952, the defendant Smith made a motion to vacate the judgment entered in the original action supported by his affidavit stating that upon the day after the service of summons he employed an attorney, one R. N. Pritchard, to interpose an answer and that the defendant first learned that the plaintiff had taken judgment against him by default on May 9, 1952, and thereafter immediately consulted and retained his present attorney, George E. Duis, to take proceedings to have the default opened and a defense interposed, and that he is advised by his attorney that he has a valid and substantial defense upon the merits. The defendant also proffered a proposed answer which

was a general denial. The original complaint and the sworn statement of account upon which the default judgment was rendered show that it was based upon a claim for handling cartage and storage of goods, wares, and merchandise by the plaintiff for the defendant on and between January 2, 1948, and February 2, 1952. In resistance to this motion to vacate the judgment the plaintiff presented the affidavit of Roy G. Froling to the effect that he was called several times by Pritchard, attorney for defendant Smith, and that Pritchard told him that he could not get Smith to come to the office to sign an answer and demand for bill of particulars. The plaintiff also presented the affidavit of Pritchard, who stated that he could not get Smith to sign an answer and that if there was any neglect in the matter, it was entirely on Smith's part and not the neglect of the attorney Pritchard.

In addition to the affidavits submitted on the motion to vacate and set aside the judgment, oral testimony was taken on May 23, 1952, wherein Smith testified that when the summons was served upon him it had no complaint attached to it and he took it to Pritchard the same day it was served and gave Pritchard $25.00 to file an answer and that he believed an answer had been filed. He produced Pritchard's receipt for the amount paid. Later he had trouble in finding Pritchard and said that "when I did find him, why, he said that he had been to the Courthouse and found that there was no complaint and that we could disregard it, would not even have to be answered." Smith did not know that a judgment had been taken against him until Froling called him and told him that a judgment had been taken by default. The matter was continued until June 3, 1952, when a further hearing was had which consisted of the presentation of affidavits of resistance above mentioned and arguments by counsel. At the close of this hearing the court ordered that the motion to vacate and set aside the judgment in the main action be denied. No appeal was taken from that, nor was a rehearing asked thereon.

On June 9, 1952, the defendant Smith and the garnishee Reed joined in a notice of motion entitled in the garnishment action

to vacate the judgments in the main action and in the garnishment action. The motion made pursuant to this notice came on for hearing before the court on June 20, 1952. At this hearing garnishee filed an affidavit denying liability on the ground that he had no property or moneys belonging to the defendant Smith under his control at the time he was served with the demand. He filed another affidavit explaining why he failed to answer the garnishment summons, the main portion of which indicates that he is a very busy businessman; that he is ignorant of the procedure in garnishment matters; and that due to the pressure of business he forgot all about the garnishment proceedings and did not know that a judgment had been taken against him until June 3, 1952, and did not realize he was required to make a disclosure when he was not indebted to the defendant. The showing of the defendant Smith at this hearing is substantially the same as it was on the hearing of the former motion, except that he filed a proposed answer of considerable length setting forth that the goods, wares, and merchandise upon which the original storage claim was based were not the property of the defendant but the property of a Mr. Limon Brown.

An examination of the original complaint shows that it is dated January 18, 1952, and is signed by Paul G. Thonn, attorney for plaintiff, Fargo, North Dakota, but is not verified. At the bottom of the complaint appears this notation in the handwriting of R. N. Pritchard:

"Time of filing waived
Recd copy 2/11/52
R. N. Pritchard
Atty. for defendant,
228½ Broadway,
Fargo, N. D."

On August 4, 1952, the court entered an order denying the motion to vacate and set aside the judgment made by the defendant and garnishee. The reasons stated in the order are that the Union Storage and Transfer Company, a corporation, is the real party in interest and that the service of summons

made by Roy G. Froling is a valid service. The court also determined that the notation in the handwriting of R. N. Pritchard who was then attorney for the defendant showed that the filing of the complaint was waived and that the attorney had authority to waive such filing. He also concluded that defendant's then attorney was furnished with a copy of the complaint and was thus informed as to its contents and that the defendant was not prejudiced by failure to file a complaint. He further reached the conclusion that the matters presented by this motion had already been presented by the former motion made by the defendant and that no new facts were presented upon this motion which was made without leave of court and therefore it could not be properly presented by the defendant. He also reached the conclusion that although the garnishee was not a party to the first motion, the question of the validity of the original judgment had already been decided against the defendant and could not be reexamined at his instance on the second motion; and that the garnishee could not come in and resurrect an issue that had already been decided against the defendant in the main action.

With respect to the judgment rendered against the garnishee, the court points out that the garnishment summons was regularly served by the sheriff's office of Cass County and that the garnishee's excuse that he did not read the summons carefully because he was interrupted by a telephone call by a customer and that after the call he forgot about the garnishment proceedings, is not sufficient to warrant setting aside the judgment by default that was rendered against the garnishee.

The motion now under consideration is made by the defendant and the garnishee in the garnishment action. We will first consider the motion as it applies to the contentions of the defendant. He would have both judgments set aside upon the grounds that the judgment in the main action was rendered without jurisdiction and is void and that the garnishment judgment depending thereon in a proceeding in aid of execution issued under the judgment in the main action must fall. Although garnishment proceedings are deemed an action under the provisions of Section 32–0924 NDRC 1943, they are dependent upon the

rendition of a valid judgment in the main action and the jurisdiction of the court to render judgment in the main action may be attacked in the garnishment action. Atwood v. Tucker (Atwood v. Roan) 26 ND 622, 145 NW 587, 51 LRA (NS) 597; Citizens State Bank v. Smeland, 48 ND 466, 184 NW 987.

The defendant's testimony clearly shows that he employed attorney R. N. Pritchard to act for him in this matter. The filing of the complaint was not within the time prescribed by statute, Section 27–0824 NDRC 1943. Pritchard was the duly authorized attorney for the defendant and as his attorney waived the timely filing of the complaint and acknowledged receipt of a copy thereof. Waiver of the filing of the complaint and the acceptance of a copy in behalf of the defendant Smith was a matter that came within the general authority of the attorney who had control over matters of procedure with respect to the remedy and such a waiver is binding on the client. Mongeon v. Burkebile, ante, 55 NW(2d) 445; O'Brien v. Lashar, 273 Fed 520; 5 Am Jur, Attorneys at Law, Section 91; 7 CJS, Attorney and Client, Section 100. The trial court was correct in holding that the defendant Smith could not attack the jurisdiction of the court to render judgment against him on the ground that the complaint was not filed with the clerk of the county court within twenty days after the date of the service of the summons as required by Section 27–0824 NDRC 1943. The judgment was not void for failure of the court to obtain jurisdiction. The service of a summons may be waived and process that is amendable cannot be regarded as void, nor can it be attacked collaterally. James River National Bank v. Haas, 73 ND 374, 15 NW(2d) 442, 154 ALR 1005; Coman v. Williams, 78 ND 560, 50 NW(2d) 494; Howe v. Lisbon Savings Bank and Trust Co., 111 Vt 201, 14 Atl(2d) 3. In this case the summons was regularly served and the time of filing the complaint waived. The judgment at most was only voidable.

The trial court denied the defendant's motion to vacate the judgment in the main action upon the further ground that a previous motion had been made by the defendant for the same relief and upon the same grounds as were presented by him in the second motion.

The defendant had a full hearing upon the first motion. In this proceeding he ignores the first order made by the court and without leave sought to have the court reconsider and reappraise the identical record upon which his former order was based.

In Clopton v. Clopton, 10 ND 569, 88 NW 562, 88 Am St Rep 749, this court held:

"that a second hearing of a motion upon the same state of facts is a matter resting in the discretion of the court, and in such cases leave must be obtained."

The court further said:

"that the right to apply for an order a second time upon the same grounds is not a strict legal right, and leave to do so should be sparingly granted to prevent abuse and vexatious litigation."

In Enderlin State Bank v. Jennings, 4 ND 228, 59 NW 1058, it was said:

"There is no good reason why a defendant who has a right to so full a hearing on a motion should be allowed, when he is defeated, to renew the same motion, on the same facts, without presenting any proof to entitle him to a rehearing, unless the same judge grants the rehearing to correct some error in his former decision."

The Supreme Court of South Dakota reached substantially the same conclusion in Olson v. Advance Rumely Thresher Co., 43 SD 90, 178 NW 141. The position of the trial court is further strengthened by the fact that his first order denying the defendant's motion to vacate the judgment was an appealable order. It was based in part at least on discretionary grounds and such an order is appealable under Section 28–2702, paragraph 2, NDRC 1943. Boyd v. Lemmon, 49 ND 64, 189 NW 681; Boshart v. National Benefit Association, Inc., 65 SD 260, 273 NW 7; State v. Hammerquist, 67 SD 417, 293 NW 539.

We next turn to the attack made by the garnishee upon the judgment in the main action. Void judgments may be attacked collaterally, but voidable judgments may not. Nichols & Shepard Co. v. Paulson, 10 ND 440, 87 NW 977; Shane v. Peoples, 25 ND 188, 141 NW 737. See note 1 Annotated Cases 923.

"In order to strike down a judgment of a court of record of this state by collateral attack jurisdictional defects must appear

on the face of the record." Rasmusson v. Schmalenberger, 60 ND 527, 235 NW 496.

In this case the judgment was entered by default, but this fact does not render it more susceptible to collateral attack than had it been entered in a contested action. Erker v. Deichert, 57 ND 474, 222 NW 615.

This being a proceeding in garnishment in aid of execution, Reed, the garnishee, was not a party to the proceeding in the original action. In Atwood v. Tucker (Atwood v. Roan), 26 ND 622, 145 NW 587, 51 LRA NS 597, garnishee defendants moved to vacate a judgment taken against the defendant and themselves in the garnishment action, basing the motion upon an affidavit reciting the alleged invalidity of the service of summons by publication in the main action, contending that the entire proceeding was void on the ground that no jurisdiction was ever obtained upon the defendant or the subject matter. The court reached the conclusion that the affidavit of publication was void and consequently no valid proceedings were ever had in the main action and that

"If for any reason the court fails to get jurisdiction of the principal suit, the garnishment must inevitably fall with it."

The garnishee was permitted to challenge the judgment in the main action on jurisdictional grounds and his attack was sustained.

"Inasmuch as a valid judgment against the principal defendant is essential both as a foundation for a judgment against the garnishee and for his protection, the garnishee is entitled to assert any defenses or objections to the proceedings against the principal defendant which are of a jurisdictional character or which render the judgment void." Mares v. Schuth, 38 NM 101, 28 P2d 527, 92 ALR 567.

In this case the judgment is not void. The attack upon it by the garnishee is not in the action in which the judgment was rendered but is in the garnishment action, and as to the judgment in the main action it is a collateral attack which the garnishee may not maintain. Schnur v. Bernstein, 309 Ill App 90, 32 NE 2d 675; Olton State Bank v. Howell (Tex Civ App), 105 SW2d 287; Rowoldt v. Cook County Farmers Mutual Ins. Co., 305 Ill

App 93, 26 NE2d 903. We have reached the conclusion that in an action in garnishment in aid of execution an attack by the garnishee upon a judgment rendered in the main action is a collateral attack which may not be maintained against a judgment that is merely voidable.

The final question is whether the court abused his discretion in refusing to vacate the judgment rendered by default against the garnishee. Section 28–2901 NDRC 1943 vests in the trial court discretionary power upon such terms as may be just at any time within one year after notice of entry of judgment to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. An application for the exercise of this power is addressed to the sound judicial discretion of the court and his disposition thereof will not be disturbed on appeal unless it plainly appears that the court abused his discretion. Miller v. Miller, 76 ND 558, 38 NW 2d 35; Beery v. Peterson, 58 ND 273, 225 NW 798; Mantel v. Pickle, 56 ND 568, 218 NW 605; First State Bank of Crosby v. Thomas, 54 ND 108, 208 NW 852.

The sheriff's return in this proceeding shows that a deputy sheriff of Cass County served upon the defendant and the garnishee, each of them personally, a copy of the garnishment summons and affidavit for garnishment and that at the time of the service the deputy sheriff paid the garnishee two dollars, the statutory disclosure fee. Both the garnishment summons and affidavit for garnishment are in the form required by statute. Sections 32–0906 and 32–0907 NDRC 1943.

The affidavit of the garnishee in support of his application to vacate the default judgment states that he is in no manner indebted to the defendant Donald Smith; that never to his recollection was he previously served with a garnishment summons; that he did not realize the seriousness of the matter and thought that it really only affected Donald Smith, the defendant; that he operates a large dry cleaning establishment employing ninety to one hundred people and has many business distractions. He did not read the summons closely because he was interrupted by a patron calling on the telephone over a business matter; and that through business pressures he forgot about

the garnishment proceeding; and that his neglect was not intentional and that his failure to make a disclosure was caused by mere oversight and by the reason of the fact he had been told that if an employer's employee was ever garnished the employer would be brought into court and would be notified by the sheriff when to appear and that he accidently forgot all about this proceeding.

In Cook v. Davis, 57 SD 82, 230 NW 765, an order of the trial court vacating a default judgment was reversed on the ground that it was vacated without sufficient cause. The supreme court stated:

"Respondent was personally served, and she ought to have known the import of the papers served or to have consulted counsel to find out. Mere inconvenience in consulting counsel could not excuse her. Furthermore, she was advised suit would be commenced, and it is hardly believable that she did not think she had been sued. Attachment process is sufficiently formidable to attract more than passing attention. A person of ordinary intelligence by mere reading must learn enough to put him on guard, and neglect to take such steps as might be necessary in making defense is not excusable."

In this case the trial court in the exercise of his discretion has denied the garnishee's application on the ground that his neglect was not excusable. In view of the record here presented we cannot say that the court abused the discretion vested in him by statute. The order appealed from is affirmed.

GRIMSON, SATHRE, CHRISTIANSON and BURKE, concur.