UNITED ACCOUNTS, INCORPORATED,
BISMARCK, North Dakota, Plain-
tiff and Respondent,

v.

William PALMER, Jr., Defendant,

and

Palmer Plumbing & Heating, Carrington,
North Dakota, Garnishee
and Appellant.

No. 8294.

Supreme Court of North Dakota.

March 29, 1966.

Max D. Rosenberg, Bismarck, for plaintiff and respondent.

Wm. A. Kunkel, Carrington, for garnishee and appellant.

STRUTZ, Judge.

This is an appeal from an order of the county court of increased jurisdiction of Burleigh County, denying motion of the garnishee for vacation of a judgment entered by default in favor of the plaintiff and against the garnishee. The facts, briefly stated, are as follows:

The defendant, William Palmer, Jr., an employee of the garnishee, was indebted to the plaintiff as assignee of certain medical and hospital bills. The garnishee, as the defendant's employer, was served by the plaintiff with demand and notice before garnishment on the 28th day of May 1964. Garnishment summons was served on the defendant and on the garnishee, his employer, on June 4, 1964. When the garnishment summons was served on the employer, he permitted the defendant to take time from his employment to go to Jamestown for the purpose of making a loan and for the purpose of settling the plaintiff's claim. The defendant reported to his employer the next day that he had made arrangements with the Jamestown Credit Bureau for settlement of the account and that the sum of $25 a month was to be paid from his wages to apply on such settlement until such loan was paid. The account which defendant settled in this manner was not the one owed to the plaintiff, however.

On October 22, 1964, the sheriff of Foster County notified the garnishee that he had an execution against it. The garnishee thereupon contacted its lawyer who discovered that default judgment had been entered against the garnishee on its failure to file disclosure in the garnishment. The garnishee, through its lawyer, thereupon moved to vacate and set aside such default judgment, setting forth in its affidavit of merits in support of such motion that the garnishee was not indebted to the defendant in any sum. This motion to vacate default judgment came on for hearing before the Honorable W. J. Austin, judge of the Burleigh County court of increased jurisdiction, on November 12, 1964, and, after hearing of the motion, the court entered its order denying the motion. This appeal is from the order denying such motion to vacate.

■ An order denying a motion to vacate a default judgment taken against a garnishee on its failure to serve and file a disclosure of liability, is an appealable order. Sec. 28–27–02, N.D.C.C.

■■ The rule as to relief from a default judgment for excusable neglect applies to a garnishment proceeding [Sec. 32–09–24, N.D.C.C.], and the rule should be liberally construed to relieve a garnishee from a default in submitting its answer. We have repeatedly held that this court views with favor the trial of cases upon their merits. Azar v. Olson (N.D.), 61 N.W.2d 188; Sioux Falls Construction Co. v. Dakota Flooring (N.D.), 109 N.W.2d 244. We have also held that a more liberal rule should be applied to applications by garnishees to be relieved from defaults than is applied to a principal defendant. First State Bank of Kermit v. Krenelka, 23 N.D. 568, 137 N.W. 824.

■ General laws and rules of practice of the district courts apply to county courts of increased jurisdiction. Sec. 27-08-24, N.D.C.C. Thus the court in this case had power, on proper application, to set aside the default judgment, since the rule as to relief from default judgments for excusable neglect would be applicable to the proceeding in this case.

■ Under the circumstances in this case, where the garnishee alleges that, without fault on its part, it was led to believe that the defendant had made settlement with the plaintiff creditor, where there is no showing that such creditor will be prejudiced by the delay of the garnishee in filing its disclosure of liability, and where the affidavit of merits submitted by the garnishee further claims that the garnishee was not indebted to the defendant in any sum at the time of the garnishment of defendant's wages, we believe that the trial court abused its discretion in refusing to grant the motion to vacate the default judgment entered against such garnishee.

As we have stated in other actions, each case of this kind must be determined from the particular facts presented. In view of the circumstances set forth in the affidavit in support of the motion to vacate and set aside the default judgment against the garnishee, and the affidavit of meritorious defense, we conclude that the garnishee's default is one from which justice requires that it be relieved, and that the trial court abused its discretion in denying such relief. The order appealed from is therefore reversed, and the case is remanded to the county court of increased jurisdiction of Burleigh County with direction to vacate the judgment entered against the garnishee and to permit the garnishee to answer and file its disclosure, and to proceed with the plaintiff's case against such garnishee on its merits.

TEIGEN, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

BURKE, C. J., did not participate.