DETROIT DIESEL ALLISON, A DIVISION OF GENERAL MOTORS CORPORATION, Plaintiff,

v.

Edwin HEINZE, dba, Edwin Heinze Trucking, Defendant,

Interstate Detroit Diesel Allison, Inc., Defendant and Appellee,

Brian Nelson, Defendant and Appellant.

Civ. No. 880015.

Supreme Court of North Dakota.

Jan. 9, 1989.

Griffeth Law Office, Riverside, for defendant and appellee; argued by Scott A. Griffeth.

Thomas J. Gaughan (argued), Fargo, for defendant and appellant.

GIERKE, Justice.

Brian Nelson appeals from a district court decision entered in an interpleader action in which Interstate Detroit Diesel Allison, Inc. [Interstate] was awarded $5,500 plus accrued interest deposited with the court by Detroit Diesel Allison, a division of General Motors Corporation [General Motors]. We reverse.

Initially, Interstate sued Edwin Heinze, doing business as Edwin Heinze Trucking [Heinze], for repairs Interstate made to one of Heinze's trucks, and Heinze brought a third party action against General Motors for breach of warranty. On May 7, 1984, judgment was entered on a jury verdict awarding Interstate $6,589.32 in its action against Heinze and awarding Heinze $6,189.49 in the third-party action against General Motors. Heinze later agreed to accept $5,500 in satisfaction of the third-party judgment against General Motors on the condition that General Motors forego any post-trial motions or appeal.

On June 22, 1984, Interstate served a Garnishment Summons and Disclosure Form on General Motors' North Dakota attorney. On June 26, 1984, Nelson, who had represented Heinze during the jury trial, served a Notice of Attorney's Lien for $6,300 on General Motors. On June 27, 1984, Interstate sent a Garnishment Summons and Disclosure Form by certified mail to General Motors' registered agent. On June 28, 1984, Interstate sent Heinze a copy of the Garnishment Summons by certified mail.

On January 14, 1985, General Motors commenced this interpleader action seeking a determination of which of the three interpleaded defendants, Interstate, Heinze, or Nelson, was entitled to the $5,500. After a bench trial, the trial court found that Nelson's claimed attorney's fees and costs of $6,500 were reasonable, but concluded that this interpleader action extended and stopped further garnishment proceedings and superseded Nelson's attorney's lien. The trial court determined that Interstate's garnishment lien had priority over Nelson's attorney's lien because the garnishment lien was first in time. The court therefore determined that Interstate was entitled to the $5,500, plus accrued interest.

■ Nelson argues that Interstate's garnishment action lapsed because Interstate failed to secure a garnishment judgment against General Motors pursuant to Section 32–09.1–15, N.D.C.C., or failed to cause a writ of execution to be served within 180 days as required by Section 32–09.1–20, N.D.C.C. Nelson thus contends that the trial court erred in determining that Interstate's garnishment lien had priority over his attorney's lien.

Interstate responds that the expiration of the 180–day period of Section 32–09.1–20, N.D.C.C., released only General Motors' obligation to hold the $5,500 and did not terminate its garnishment lien. Interstate therefore asserts that the trial court correctly determined that its garnishment lien had priority over Nelson's attorney's lien.

Our analysis of the issues raised requires an examination and interpretation of the provisions of 1981 N.D.Sess.Laws Ch. 350, §§ 1, 2, which enacted the current garnishment provisions of Ch. 32–09.1, N.D.C.C., and repealed the former provisions of Ch.

32–09, N.D.C.C.[1] In construing the current provisions we are guided by the familiar rules of statutory construction that the Legislature's intent initially must be sought from the statutory language and that statutory enactments must be construed as a whole to determine the intent of the Legislature. *County of Stutsman v. State Historical Society of North Dakota,* 371 N.W.2d 321 (N.D.1985).

Section 32–09.1–06, N.D.C.C., provides that, at any time after judgment, a judgment creditor (plaintiff)[2] may issue a garnishment summons against any third person, designated as a garnishee, for any indebtedness by the garnishee to a judgment debtor (defendant).[3] The garnishment summons must state that "the garnishee must retain property or money in the garnishee's possession pursuant to this chapter until the plaintiff causes a writ of execution to be served upon the garnishee or until the defendant authorizes release to the plaintiff," and "that after the expiration of the period of ... [180 days] from the date of service of the garnishee summons, the garnishee must release all re-

tained property and money to the defendant and is discharged and relieved of all liability thereon." Section 32–09.1–07, N.D.C.C.[4] After service of the garnishment summons, the garnishee has twenty days to serve a written disclosure,[5] under oath, of indebtedness to the defendant. N.D.C.C. §§ 32–09.1–07, 32–09.1–09. Section 32–09.1–15, N.D.C.C., authorizes a judgment against the garnishee for the amount due the defendant, or so much as may be necessary to satisfy the plaintiff's judgment against the defendant. Section 32–09.1–20, N.D.C.C., states that "[a] garnishee summons lapses and the garnishee is discharged of any liability upon the expiration of one hundred eighty days after the service of the summons, or a longer period of time either agreed to in writing by the plaintiff and the defendant or ordered by the court."

There is some disagreement as to whether service of the garnishment summons and disclosure form on the garnishee creates a lien on the property garnished. *Compare* Laurence, *supra,* 58 N.D.L.Rev. at 194–195[6] *with* Nurenberger, Garnish-

1. For a synopsis of the current provisions and a comparison of the current and former provisions, *see,* Laurence, "North Dakota's New Rules Respecting Garnishment and the Property Exempt Therefrom", 58 N.D.L.Rev. 183 (1982).

2. For purposes of a garnishment action, Section 32–09.1–01(5), N.D.C.C., defines a "plaintiff" as a "judgment creditor."

3. For purposes of a garnishment action, Section 32–09.1–01(1), N.D.C.C., defines a "defendant" as a "judgment debtor."

4. Section 32–09.1–07, N.D.C.C., includes a form for the garnishment summons which parallels the statutory requirements and provides:
   "You shall retain the defendant's non-exempt property, money, and effects in your possession until a writ of execution is served upon you, until the defendant authorizes release to the plaintiff, or until the expiration of 180 days from the date of service of this summons upon you. If no writ of execution has been served upon you, or no agreement has been made for payment, within 180 days, the garnishment shall end and any property or funds held by you shall be returned to the defendant if the defendant is otherwise entitled to their possession."

5. Sections 32–09.1–10 through 32–09.1–14, N.D.C.C., contain further provisions relevant to the garnishee's disclosure.

6. Professor Laurence states:
   "There is a split in authority on the question of whether the garnishment summons and disclosure creates a lien on the property garnished. The more modern rule appears to be that a lien is created by a garnishment, even though there has been no levy by the sheriff. The alternative to the creation of a lien is that the garnishee is put on notice by the summons that he will be held personally liable for some part of the defendant's debt. The state of the law under the old North Dakota statute is unclear.
   "The new North Dakota statute seems more consistent with the older, minority view that no lien is created directly by the garnishment. In the first place, the summons to the garnishee is required to state 'that the garnishee must retain property or money in the garnishee's possession pursuant to this chapter until the plaintiff causes a writ of execution to be served upon the garnishee....' Execution, presumably under Chapter 28–21, would create a judicial lien in the property, dated from levy. Second, after service of the summons and disclosure by the garnishee, judgment is rendered against the garnishee for the amount due from the garnishee to the defendant. This judgment against the garnishee, could then be enforced by way of execution and levy, creating a judicial lien on any of the

ment in Minnesota: 1976, Hennepin Lawyer 4, Sept.–Oct.1976.[7] Assuming arguendo that service of the garnishment summons creates a lien on the property garnished, we are not persuaded by Interstate's argument that the language that the "garnishee summons lapses and the garnishee is discharged of any liability" releases the garnishee's obligation to hold the money but does not terminate the lien because that interpretation would effectively create an indefinite garnishment lien. That construction is inconsistent with the time constraints and ordinary procedure for obtaining and executing on a garnishment judgment under Ch. 32–09.1, N.D.C.C.[8] The provision in Section 32–09.1–20 for an extension of time under appropriate circumstances, also suggests that if the Legislature did intend to create a statutory garnishment lien, it did not intend to create a lien of indeterminate duration. Moreover, where the Legislature explicitly created a continuing statutory lien on wages,

Section 32–09.1–21, N.D.C.C., the Legislature specifically limited the lien to a "sixty-day continuing lien on wages" and referred to the "expected termination of the lien." We conclude that the language of Section 32–09.1–20, N.D.C.C., read in conjunction with the entire statutory scheme of Ch. 32–09.1, N.D.C.C., establishes that if a garnishment lien is created by service of a garnishment summons, it lapses in one hundred and eighty days unless the plaintiff and defendant agree to a longer time in writing or the court orders otherwise.

Nothing in this record indicates that there is an agreement in writing between the garnishment plaintiff (Interstate) and the garnishment defendant (Heinze) or an order of the court extending the garnishment summons as permitted by Section 32–09.1–20, N.D.C.C. Interstate's garnishment action therefore lapsed one hundred and eighty days after the service of the garnishment summons, and this interpleader action was not initiated until after the gar-

---

garnishee's property, not just that held for the defendant.

"The existence of these two remedies, the ability to execute on the garnished property and the availability of a personal judgment against the garnishee, indicates that the choice of the North Dakota Legislature was for the rule that garnishment creates no lien, except of course, for the continuing lien on wages specifically mentioned. This choice imposes a duty on creditors to watch out for their own interests. Garnishment must be followed quickly by execution, else another garnishor may step into line ahead of the first. The location of the garnishee and its financial condition must be monitored, for the personal judgment against the garnishee will become worthless if it leaves the jurisdiction or becomes judgment proof." [Footnotes omitted.] Laurence, *supra,* 58 N.D.L.Rev. at 195–197.

**7.** An early bill draft of what eventually became Ch. 32–09.1, N.D.C.C., was prepared by Clifton Rodenburg, Esq., of Fargo, who stated that the bill was derived from the previous North Dakota law as well as from Minnesota and Washington. S.B. 2292, Committee on Judiciary, Jan. 24, 1979. Section 32–09.1–20, N.D.C.C., is similar to M.S.A. § 571.69, which was enacted in 1976 and provides:

"Subdivision 1. A garnishee summons shall lapse and the garnishee thereof shall be discharged and relieved of any liability thereon upon the expiration of the following periods of time after service of the summons, or

such longer period of time either agreed to in writing by both the judgment creditor and the judgment debtor or ordered by a court:

\*    \*    \*    \*    \*    \*

"(2) In the instance of a garnishee summons served after entry of judgment, 180 days.

"Subd. 2. Immediately upon the lapse of the garnishee summons, all earnings, money, property, and effects which the garnishee has been retaining pursuant to the garnishment shall be returned to the judgment debtor." Nurenberger, Garnishment in Minnesota: 1976, *supra* at 5, describes the parallel Minnesota provision, M.S.A. § 571.69, as follows:

"Where a garnishment is served after judgment the retention obligation of the garnishee and the lien of the garnishment expire automatically 180 days after service of garnishment (unless extended by a court order or a written agreement of both the judgment creditor and judgment debtor). M.S. § 571.69."

**8.** Interstate also argues that Section 32–09.1–15, N.D.C.C., for obtaining a garnishment judgment is not applicable to this case because it refers only to a judgment against a garnishee for failure to provide the disclosure statement required by Section 32–09.1–14, N.D.C.C. However, the language of neither statute provides for such an interrelationship. Rather, the entire statutory scheme suggests that a garnishment judgment and execution is part of the ordinary procedure for garnishment contemplated by Ch. 32–09.1, N.D.C.C.

nishment action lapsed. We therefore conclude that the trial court erred in determining that this interpleader action stopped further garnishment proceedings, and that Interstate had priority over Nelson's lien because of the garnishment action.

Accordingly, we reverse the district court judgment.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and LEVINE, JJ., concur.