Caren C. MURDOFF, Plaintiff
and Appellant,

v.

Tommy B. MURDOFF, Defendant,

and

Anda Construction, Garnishee
and Appellee.

Civ. No. 930397.

Supreme Court of North Dakota.

June 15, 1994.

O'Neel Law Office, Fargo, for plaintiff and appellant; argued by Michael C. O'Neel.

Gjevre, McLarnan, Hannaher, Vaa, Skatvold & McLarnan, Moorhead, for defendant and appellee; argued by James E. Nicolai.

MESCHKE, Justice.

Caren Murdoff appeals from an order vacating her default garnishment judgment against Anda Construction. We affirm.

Caren served a garnishment summons and disclosure on a bookkeeper for Anda to collect a divorce judgment against Caren's ex-husband, Tommy Murdoff, for $6,469. Caren believed Anda owed Tommy over $18,000 for installing an elevator. The bookkeeper did not complete and return the disclosure as

directed in NDCC 32–09.1–09,[1] because she was told by a superior that Anda did not owe Tommy any money. At Caren's request, the trial court entered a default judgment against Anda, who promptly moved to vacate it for good cause based on the bookkeeper's mistake. NDCC 32–09.1–14.[2] The trial court set aside the default judgment and permitted Anda to disclose upon paying Caren $500 in attorney fees. Caren appeals, arguing that the default judgment should not have been vacated.

■ Our review of a trial court's decision to vacate a judgment was described in *First National Bank of Crosby v. Bjorgen:*

> An abuse of discretion by the trial court is never assumed and must be affirmatively established. An abuse of discretion is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court.... The [appealing] party must also show more than that the lower court made a "poor" decision, but that it positively abused the discretion it has in administering the rule. We will not overturn that court's decision merely because it is not the one we may have made if we were deciding the motion.

389 N.W.2d 789, 794–95 (N.D.1986) (citations omitted). This standard of review favors affirming the trial court's decision. *Compare Union Storage and Transfer Co. v. Smith,* 79 N.D. 605, 58 N.W.2d 782 (1953) (affirming denial of vacation of default garnishment judgment) with *United Accounts, Inc. v. Palmer,* 141 N.W.2d 472, 473 (N.D.1966) (reversing denial of vacation for abuse of discretion). We conclude the trial court did not act unreasonably by granting Anda's motion and vacating this default garnishment judgment.

■ Any judgment can be set aside under NDRCivP 60(b)(i) for excusable neglect. *Overboe v. Odegaard,* 496 N.W.2d 574, 577 (N.D.1993) (NDRCivP 60(b) is "exclusive remedial procedure to set aside a default judgment in North Dakota" under NDRCivP 55). A default judgment against a garnishee can be set aside "upon good cause shown" under NDCC 32–09.1–14,[3] which specifies the excusable neglect standard for vacating a default garnishment. The Minnesota Supreme Court held that its rules of procedure superseded a conflicting "good cause" standard in the garnishment statute. *Lyon Development Corp. v. Ricke's, Inc.,* 296 Minn. 75, 207 N.W.2d 273, 278 (1973). A procedural rule adopted by this court also "prevails in a conflict with a legislatively enacted rule of procedure." *State v. Knudson,* 499 N.W.2d 872, 874 (N.D.1993) (citations omitted); NDRCivP 86(b). Still, as we said in *Knudson,* we prefer to harmonize procedural statutes with our rules when possible.

■ We also prefer a judgment on the merits over a default judgment when it is fair to do so. *First National Bank of Crosby,* 389 N.W.2d at 795. Therefore, we expect a trial court to be more willing to vacate a default judgment than a "litigated" judgment. *Cuna Mortgage v. Aafedt,* 459 N.W.2d 801, 803 (N.D.1990). In addition, "a more liberal rule should be applied to applications by garnishees to be relieved from defaults than is applied to a principal defendant." *United Accounts, Inc.,* 141 N.W.2d at 473 (citation omitted). Thus, the "good cause" standard in NDCC 32–09.1–14 does not conflict with NDRCivP 60(b), but simply describes the more liberal application of "ex-

---

1. NDCC 32–09.1–09 directs:
   Within the time as limited, the garnishee shall serve upon the plaintiff or the plaintiff's attorney written answers, under oath, to the questions in the garnishment disclosure form.... Disclosure must state: ... 3. If the garnishee claims any setoff or defense ... to indebtedness, ... the garnishee shall disclose the amount and the facts.

2. NDCC 32–09.1–14 says:
   If any garnishee who is duly summoned fails to serve disclosure as required in this chapter, the court may, upon proof by affidavit, render

judgment against the garnishee ..., but the court upon good cause shown may remove the default and permit the garnishee to disclose on terms as may be just.

3. Our garnishment statute was rewritten in 1981. 1981 N.D.Laws, Ch. 350, § 1. The legislative history indicates that the "good cause" standard for vacating a default garnishment judgment was derived from a Minnesota statute. *See Detroit Diesel Allison v. Heinze,* 434 N.W.2d 352, 355 n. 7 (N.D.1989); Minn.Stat. § 571.82(1) (formerly Minn.Stat. § 571.53).

cusable neglect" under Rule 60(b) for relief from a default judgment against a garnishee.

 Under FRCivP 55(c), good cause to vacate an entry of default exists when the trial court finds that "the default was not the result of gross neglect, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense." 10 Charles A. Wright et al., Federal Practice and Procedure § 2696, at 518–19 (2d ed. 1983) (footnotes omitted); *see also* 6 Moore's Federal Practice ¶ 55.10[2], at 80 (1994). This "good cause" standard in FRCivP 55(c) was not expressly carried over to our rules of civil procedure. *See Overboe,* 496 N.W.2d at 577. But "good cause" under FRCivP 55(c) is more like the liberal application of "excusable neglect" under NDRCivP 60(b) for vacating a garnishment default, codified as "good cause" in NDCC 32–09.1–14. Applying "good cause," we disagree with Caren that the trial court misconstrued the law when it ruled that it couldn't "find ... the type of recklessness" necessary to deny Anda relief.

Any prejudice to Caren from Anda's failure to timely return the disclosure form was removed by the condition in the trial court's order that Anda pay Caren's legal fees. We believe Anda's defense was meritorious because Caren did not object to Anda's later disclosure disputing any indebtedness to Tommy, as Caren might have done under NDCC 32–09.1–12. The only remaining factor is whether Anda's failure to disclose was the result of gross neglect.

 "[E]ach case of this kind must be determined from the particular facts presented." *United Accounts,* 141 N.W.2d at 474; *see also Galatovich v. Watson,* 412 N.W.2d 758, 761 (Minn.App.1987) (strong showing of meritorious defense, due diligence, and lack of substantial prejudice to nondefaulting party, balanced with poor showing of excuse, requires vacation of default). When a defaulting party has a meritorious defense and timely seeks relief, "doubt, if any, should be resolved in favor of the motion to set aside the judgment." *Cuna Mortgage,* 459 N.W.2d at 803 (affirming relief from summary judgment under NDRCivP 60(b) for excusable

failure to respond). The trial court resolved any doubt here in favor of Anda.

Anda's failure to return the disclosure form did not comply with NDCC 32–09.1–09, although the disclosure form itself described how Anda could dispute any indebtedness to Tommy. The record indicates that Anda was no stranger to legal procedures and should have known a response was required. While disregard of legal process is usually not excusable neglect, *Overboe,* 496 N.W.2d at 579, the trial court determined that Anda's nondisclosure was the result of an honest mistake, not gross neglect or recklessness.

We may not have been as inclined as the trial court to excuse Anda's failure to return the disclosure form. However, the trial court did not abuse its discretion by finding both a lack of gross neglect and good cause to vacate this default garnishment judgment. Therefore, we affirm the vacation.

VANDE WALLE, C.J., and SANDSTROM, NEUMANN and LEVINE, JJ., concur.